Sidney GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–88–00071–CR.

Court of Appeals of Texas,
El Paso.

Nov. 9, 1988.

Rehearing Denied Dec. 7, 1988.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Steve Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellant was convicted by a jury of forgery, and punishment was assessed by the court at twelve years' imprisonment in the Texas Department of Corrections. We reverse and render a judgment of acquittal.

Appellant was indicted for the forgery offense (enhanced to a second degree felony by reason of a prior conviction) on October 8, 1985. The passing of the forged instrument was on December 19, 1984. The trial for the offense was in March of 1988.

Point of Error No. One asserts the trial court erred in overruling Appellant's motion to dismiss for failure of the State to afford a speedy trial.

At the time of the indictment, on October 8, 1985, Appellant was in Arizona (apparently in violation of his parole from the Texas prison system). He was confined in jail or prison in Arizona from September 6, 1986 until September 15, 1987. After being freed in Arizona for a period of twenty days, he was later arrested and then returned to jail in El Paso on November 19, 1987. An attorney was appointed on December 7, 1987 to represent him on this charge. Appellant's motion to dismiss for failure to provide a speedy trial which was filed on March 7, 1988 was heard and overruled. Trial before a jury occurred the same date, resulting in a guilty verdict on March 8, 1988.

The Appellant is entitled to a speedy and public trial, as provided for by the Sixth Amendment of the United States Constitution, and by virtue of Article 1, sec. 10 of the Texas Constitution. A four-part balancing test of a defendant's right to a speedy trial has been set out by the United

States Supreme Court in *Baker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). Consideration should be given as to: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right; and (4) the prejudice to the defendant.

■ The length of time from the return of the indictment to actual trial on the charge was almost 2½ years. We realize that the Appellant had absented himself from the state for a substantial part of this time. The Appellant was afforded a trial in less than four months from his return to Texas and three months from the time an attorney was appointed for him. Certainly a delay is often disasterous to the State's case, and its burden of proof beyond a reasonable doubt. Passage of time often weakens the State's ability to sustain its burden especially when eye witness identification is crucial. It can also be fatal to the defense when a vital witness has disappeared or died in the interim between the time of the accusation and trial.

■ What is particularly disturbing in this case is the failure of the State to recognize that it has some burden of explanation as to the reason for the delay. The Appellant admitted being in the State of Arizona at the time of the return of the October 8, 1985 indictment. There was no evidence presented, nor was the Appellant ever asked when he went to Arizona. The problem presented is that the State was apparently aware, before January 1985, that the Appellant was the individual they were looking for and a warrant had been obtained for his arrest. What happened after securing the warrant is unknown. The Appellant was on parole and had a parole officer, but the State totally failed to present any evidence of what transpired that would cause the State to wait ten months to indict the Appellant. Was any attempt made to locate the Appellant? Was a "rap sheet" obtained? Was the State aware that the Appellant was on parole and had a parole officer? Was the Appellant's name placed into NCIC? We are left with a record before us that shows that the State was and is content to stand on the evidence that Appellant was in Arizona on the date of the indictment and thereafter, which excused the delay in bringing him to trial.

■ The Appellant testified at the hearing on the motion to dismiss that he was working on the day of the offense as a laborer doing yard work. His employer paid him in cash. The employer had died on March 8, 1987, as evidenced by the death certificate introduced in evidence. Appellant testified that he was the only employee. Therefore, the deceased employer was the only one that could testify that he was working when the offense occurred.

Appellant never sought a speedy trial but sought dismissal due to the unwarranted delay by the State bringing him to trial, the effect of which has destroyed his defense. The length of the delay is measured from the time the defendant was accused. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *McCarty v. State*, 498 S.W.2d 212 at 215 (Tex.Crim. App.1973). During the trial, the officer that was assigned to the case stated that he obtained a warrant for the arrest of Appellant within two weeks of the passing of the forged instrument (which was December 19, 1984). Appellant was tried on March 7 and 8, 1988, which was approximately three years and two months from the time of the securing of the arrest warrant for the Appellant.

■ The State argues that Appellant did not promptly assert his right to a trial. We disagree. His motion to dismiss was filed within forty-five days of obtaining his court appointed lawyer.

■ What prejudice occurred to Appellant by the long delay? We do not know and will never know whether Appellant's deceased employer would have testified as claimed by Appellant. Even if he had testified, would the jury have believed him? The eye witness testimony was unwavering. However, a showing of actual prejudice is not necessary. The important point is that Appellant has made some showing of prejudice, and the State has made no

showing of what effort it had made to afford Appellant an earlier trial. *Phillips v. State,* 650 S.W.2d 396 (Tex.Crim.App. 1983); *McCarty v. State,* 498 S.W.2d at 218. Applying the balancing test of *Baker v. Wingo,* we find that the State has failed to satisfactorily explain the basis of the long delay in the trial of the Appellant. Once a presumption of prima facie case of prejudice arises, the State must carry the obligation of proving that no serious prejudice beyond that which ensued from the ordinary and inevitable delay. *Courtney v. State,* 472 S.W.2d 151, 154 (Tex.Crim.App. —1971).

Point of Error No. One is sustained.

The judgment of the trial court is reversed and a judgment of acquittal is rendered.