**Armando MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–91–00021–CR.**

Court of Appeals of Texas,
El Paso.

Jan. 29, 1992.

Discretionary Review Refused
April 29, 1992.

Susan Larsen, Charles H. Rennick, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for State.

Before OSBORN, C.J., and WOODARD and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for indecency with a child. Tex.Penal Code Ann. § 21.11 (Vernon 1987). After the jury's verdict finding the Appellant guilty, the jury assessed punishment at two years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant advances three points of error. Points of Error Nos. One and Two assert ineffective assistance of counsel. The reasons for such an assertion are twofold. First, Appellant's trial counsel failed to move for dismissal via constitutional speedy trial grounds. Second, Appellant's trial counsel failed to object to the admission of evidence of extraneous offenses. In Point of Error No. Three, Appellant argues that the trial court abused its discretion in denying his motion for new trial.

The victim,[1] a boy younger than seventeen years, testified that on December 28, 1987, while selling candy door-to-door for a local charity, he was invited to sit inside Appellant's parents' home while Appellant searched for money. In fact, the Appellant invited the victim to stay inside the house for awhile. The victim stated that he would stay for a few minutes because it was cold outside. Appellant told the victim that the house was not his home and that he was just visiting from out-of-town. After the victim sat down by the fireplace, Appellant joined him and placed his hands on the complainant's right thigh. The victim tried to leave but Appellant blocked his exit, grabbed the victim's genitals and asked "what can I touch?" The victim managed to escape and went down the street where he asked the outcry witness, a

1. The legal definition of a "victim" means "a person who is the victim of sexual assault, kidnapping, or aggravated robbery or who has suf- fered bodily injury or death as a result of the criminal conduct of another." Tex.Code Crim. Pro.Ann. art. 56.01(3) (Vernon Supp.1992).

neighbor of Appellant's parents, to call the police.

As the investigation progressed, Jeffrey Dove, then a detective with the El Paso Police Department, obtained issuance of an arrest warrant in February 1988 which he attempted to serve on several occasions. A grand jury indicted Appellant for the instant offense in May 1988.

The Appellant has raised the defense of alibi. To support this defense, Appellant's father testified that the Appellant had not resided at the residence at which the offense allegedly occurred for a period of approximately five years. He further testified that Appellant did not return home since leaving for the State of Tennessee until November 1989. Consequently, the inference was that Appellant was not at the residence at the time of the commission of the offense.

Appellant, testifying in his own defense, stated that, at the time of the offense, he resided in the State of Tennessee, having left El Paso in May 1984 and returning in October 1989. Appellant allegedly first became aware of the possible charges against him by way of a telephone call from his mother in 1988. The trial court allowed the State to impeach Appellant's testimony as to the date he left El Paso by establishing his identity through two prior driving while intoxicated convictions obtained in October 1984 and June 1985. Although he could not remember the month, Appellant stated that he was arrested for the instant offense of indecency with a child in 1990.

Next, the defense called Alfredo Bonilla, a private investigator, hired by a local law firm in March 1988, to locate Appellant regarding a civil matter. Bonilla testified that he found Appellant, approximately six weeks later, in Franklin, Tennessee. On cross-examination, the State sought to specify the chronology of the witness's investigation. Bonilla reiterated that all of his efforts occurred in March and April of 1988. The State asked whether Bonilla had any idea as to Appellant's whereabouts prior to the March–April time frame. The witness responded that from his attempts to locate Appellant, he knew Appellant had been in jail in Tennessee in October 1986.

In an attempt to further Appellant's alibi defense, Bonilla was asked on redirect the manner in which he verified Appellant's Tennessee arrest. The witness stated that he obtained the information from Appellant's criminal history record. On recross, Bonilla testified, without objection, that Appellant had been arrested for indecent exposure.

■■■ Regarding Appellant's ineffective assistance claims, it is uncontested that he was constitutionally entitled to "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). *See also Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim.App.1991). He was not, however, entitled to "errorless counsel or counsel whose competency is judged by hindsight." *Stafford*, 813 S.W.2d at 506. Appellant's points will be sustained only if he proves by a preponderance of the evidence that: (1) trial counsel's performance was not within the broad range of professionally competent assistance; and (2) a reasonable probability that such deficiencies prejudiced his defense by undermining the confidence of the outcome. *Strickland*, 466 U.S. at 668, 104 S.Ct. at 2052; *Hernandez v. State*, 726 S.W.2d 53, 59 (Tex.Crim.App. 1986). In attempting to sustain his burden of proof, Appellant must overcome the presumption that the challenged action could be sound trial strategy. *Stafford*, 813 S.W.2d at 506.

■■■ In Point of Error No. One, Appellant argues that trial counsel was ineffective for failing to move for a dismissal on grounds of violation of his constitutional right to a speedy trial. It is important to note, however, that the mere failure of counsel to file appropriate pretrial motions shall not be categorically deemed as ineffective assistance. See *Passmore v. State*, 617 S.W.2d 682, 685 (Tex.Crim.App.1981). In attempting to satisfy the first prong of the *Strickland* standard, Appellant contends that counsel's performance was deficient in that he failed to move for a dismissal based upon *Barker v. Wingo*, 407 U.S.

514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972).

The United States Supreme Court, in *Barker,* established the criteria to consider when there has been an allegation of deprivation of the constitutional right to a speedy trial. Specifically, *Barker* requires us to consider and weigh the following factors: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Id.* The third prong is obviously absent; hence, it will not be discussed.

Looking at the length of delay, the record discloses that Appellant was indicted in May 1988—approximately five months after the occurrence of the alleged offense. Appellant was not arrested pursuant to that indictment until 1990, and trial began in October 1990. Accordingly, Appellant was tried within two and one-half years from the point at which he was accused by indictment. Since neither of the four factors enumerated in *Barker* are either explicitly required or are alone sufficient to require a dismissal, we must, with delicate sensitivity, balance the delay against the remaining illustrative factors. *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193.

As to the reason for the delay, Appellant was brought to trial within months of his actual arrest; thus, his argument must be premised upon the State's failure to secure his presence for approximately two years after he was indicted. Since Appellant's absence from the State is the basis of his alibi defense, he cannot contest that such absence is a partial reason for the delay. In support of his point, Appellant cites *Green v. State,* a case involving the constitutional right to a speedy trial. 760 S.W.2d 50 (Tex.App.—El Paso 1988, no pet.). In *Green,* the death of a defense witness raised a presumption of prejudice to the defendant. *Id.* No such presumption of prejudice exists in the instant case.

On appeal, Appellant asserts that the delay resulted in prejudice due to the forgetful memory of his witnesses and the Appellant's own confusion as to dates. Trial counsel, however, effectively elicited testimony from a private investigator which established a date certain as to Appellant's presence in Tennessee. Furthermore, Appellant testified that on the day of the offense he was working at a restaurant in Tennessee. The record from the hearing on the motion for new trial indicates that Appellant had ascertained the location of his employment records to corroborate the alibi, but he had not yet obtained them. The record further indicates that Appellant needed additional time to obtain those records, thus, it would be inconsistent to argue that his trial should have been conducted earlier unless the inability to obtain the employment records was caused by the delay. The record contains no such evidence.

■ Allegations of ineffective assistance of counsel must be firmly founded by the record. *Hawkins v. State,* 660 S.W.2d 65, 75 (Tex.Crim.App.1983); *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App.1981). Appellant's allegation of ineffective assistance of counsel is not firmly founded by the record and is accordingly without merit. *Hawkins,* 660 S.W.2d at 75. We overrule Point of Error No. One.

■ In Point of Error No. Two, Appellant assails trial counsel's failure to object to the admission of extraneous offense evidence. As noted above, Appellant's counsel elicited testimony from a private detective as to when and how he located Appellant in Tennessee, which included statements relating to Appellant's incarceration for indecent exposure in that state. Such evidence of an extraneous offense is admissible if relevant and if its probative value is not substantially outweighed by unfair prejudice. *See Stafford,* 813 S.W.2d at 506–07. Evidence of Appellant's incarceration in Tennessee is relevant if it tends to make the existence of any consequential fact more or less probable. Tex.R.Crim. Evid. 401.

Appellant's sole defense was that he was in Tennessee at the time of the offense. His prior witnesses had testified that Appellant had not been in El Paso for several years. These alibi witnesses were, however, ultimately impeached by the State. Therefore, we find that Appellant's trial

counsel could have deemed it essential to establish a date certain from which he could assure the jury that Appellant resided in Tennessee in furtherance of his alibi defense.[2] Such a finding is supported by the record in that Appellant's counsel stressed that Appellant's criminal history clearly established that he was in Tennessee in 1986. Thus, Appellant has failed to rebut the presumption of counsel's competence because he has not shown that his assistance was beyond the realm of competent representation based upon prevailing professional norms. *Stafford*, 813 S.W.2d at 508–09. Appellant's second point of error is overruled.

In Point of Error No. Three, Appellant alleges that the trial court abused its discretion in denying his motion for new trial based upon the discovery of new evidence. Appellant alleges that only after trial was he able to obtain arrest records from Tennessee indicating that he had been incarcerated on two occasions at the approximate time of the alleged offense. Appellant further argues that the evidence helps to corroborate his alibi defense. Additionally, Appellant contends that he only recently found a telephone bill showing a call from his parents' home to Tennessee on the date of the offense.

Motions for new trial premised upon the alleged discovery of new evidence traditionally lack favor within the courts and are viewed with cautious scrutiny. *Drew v. State*, 743 S.W.2d 207, 225 (Tex. Crim.App.1987). The trial court's ruling on the motion for new trial will not be disturbed on appeal absent a clear abuse of discretion. *Jones v. State*, 711 S.W.2d 35, 36 (Tex.Crim.App.1986). The four requirements for obtaining a new trial based on newly discovered evidence require a defendant to show:

- the evidence was unknown to the movant-defendant at the time of trial;
- failure to discover the evidence must not be due to movant-defendant's want of diligence;

- evidence has materiality which would probably cause a different result in another trial; and
- evidence must be admissible and not be merely cumulative, corroborative, collateral or impeaching.

743 S.W.2d at 226. *See also Jones*, 711 S.W.2d at 36–37.

We find that the instant evidence fails to meet the necessary criteria for several reasons. As to the arrest records, Appellant himself surely knew at trial that he had been in jail at those times and could have testified as such. Consequently, the evidence was known to Appellant at the time of trial, and had Appellant testified about his contemporaneous incarcerations in Tennessee, the records would have been merely corroborative. Additionally, the record from the hearing on Appellant's motion for new trial indicates that Appellant testified that he advised his trial counsel about the Tennessee incarceration on the Saturday immediately prior to the commencement of his trial. As to the telephone bill, Appellant fails to present any argument as to why it was not previously discovered. Moreover, even if the telephone bill had been presented as evidence at trial, it, in and of itself, does not establish that Appellant was the recipient of the telephone call. Appellant, his father and his mother all testified at trial. As a consequence, any of these three witnesses could have testified as to the identity of the parties to the alleged telephone call, however, the record is devoid of any such evidence. For these reasons, we overrule Point of Error No. Three.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.

2. We note that Appellant presently seeks to attack trial counsel's use of other crimes while concurrently seeking a new trial based on newly discovered evidence which directly links him to the commission of extraneous offenses in the State of Tennessee.