# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00533-CR

**Santiago Esquivel, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-99-0446, HONORABLE DON MORGAN, JUDGE PRESIDING

A jury found appellant Santiago Esquivel, Jr., guilty of possessing cocaine with intent to deliver. The trial court assessed punishment, enhanced by previous felony convictions, at imprisonment for twenty-five years. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2001). In eight points of error, appellant contends that the evidence is legally and factually insufficient and that he did not receive effective assistance of counsel. We overrule these points of error and affirm the judgment.

## Facts and Procedural Background

On May 27, 1999, an anonymous caller told San Marcos Police Officer Terry Nichols that Joe Ramirez and J. J. Gonzalez were selling cocaine from a room at the Econo Lodge Motel in San Marcos. Nichols was familiar with both Ramirez and Gonzalez from previous narcotics investigations. In addition, Nichols had been looking for Gonzalez because he was a fugitive on a

cocaine charge. In a subsequent call, the caller advised Nichols that the two men were probably staying at the motel with an individual known as Paco. From a prior investigation, Nichols recognized the nickname as one used by appellant.

As a consequence of the tip, Nichols and other officers with the Hays County Narcotics Task Force went to the Econo Lodge Motel and established surveillance of room 208, which was registered in appellant's name. The officers observed Ramirez standing on the balcony outside room 208. He subsequently left in a vehicle that had been described by the informant. The officers also observed children going in and out of the room.

In addition to the observations of the exterior of the motel, the officers occupied an adjoining motel room. The room was connected to room 208 by a common door through which the officers could overhear conversations. Nichols testified that he heard people talking about "bagging up powder" and "overdosing." After continuing their surveillance for the next two hours, the officers entered the room, executing a felony arrest warrant for Gonzalez.

Appellant was one of several people in the motel room at the time of the warrant's execution. When the police entered the motel room, they found appellant standing in the shower, fully clothed, with the shower curtain pulled closed. Appellant had a syringe at his feet and was wearing a pillowcase as a shirt. He appeared to be under the influence of narcotics. Police found baggies with traces of cocaine on a counter just outside the bathroom in plain view. Gonzalez and another individual, Maria Torres, were found to have baggies of cocaine on their persons. Torres's sixteen-year-old daughter was found with track marks and bruises on her arm and was taken to the

2

emergency room for a suspected overdose of cocaine. Along with Gonzalez and Torres, appellant was arrested for possession of cocaine with intent to distribute.

**Discussion**

*Sufficiency of the Evidence*

In four points of error, appellant challenges the legal and factual sufficiency of the evidence both as to his possession of cocaine and as to the alleged amount of cocaine. In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

"Possession" is defined as actual care, custody, control, or management. Tex. Penal Code Ann. § 1.07(a)(39) (West 1994). To prove unlawful possession of a controlled substance, the State must prove that the accused exercised care, control, and management of the substance, and that the accused knew the substance was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1987); *Hackleman v. State*, 919 S.W.2d 440, 444 (Tex. App.—Austin 1996, pet. ref'd untimely filed). When, as here, the accused is not in exclusive control of the place the contraband is found, the State must prove independent facts and circumstances affirmatively linking the accused to the contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). "Affirmative links" is a shorthand expression of what the State must prove to establish that the accused knowingly or intentionally possessed the contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The required affirmative links can be proven by direct or circumstantial evidence, but the links

3

do not need to be so strong that they exclude every other outstanding reasonable hypothesis. *Id.* at 747-48. The accused's connection with the drug must be more than "fortuitous." *Id.* at 747.

A defendant's mere presence at a place where contraband is being used or possessed by others does not suffice to link him to the contraband. *Martin*, 752 S.W.2d at 387. Factors to be considered when evaluating affirmative links include: (1) the defendant's presence when the search was executed; (2) whether the contraband was in plain view; (3) the defendant's proximity to and accessibility of the contraband; (4) whether the defendant was under the influence of a controlled substance when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether other contraband or drug paraphernalia was present; (8) whether the defendant owned or had the right to possess the place the drugs were found; and (9) whether the place the drugs were found was enclosed. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd). The number of factors present in any particular case is less important than the logical force the factors have, alone or in combination, in establishing the elements of the offense. *Id.*

There was ample evidence from which a jury could have concluded that appellant was guilty beyond a reasonable doubt of possessing more than four grams of cocaine. The motel room was registered in appellant's name; the motel owner testified that he generally requests some form of identification of motel guests when they register. In the moments preceding the police entry into the room, the police overheard narcotics-related conversations. When the police entered the motel room, appellant was found in the bathroom, fully clothed, with an uncapped syringe at his feet, and

4

under the apparent influence of cocaine. Police found in plain view empty baggies containing cocaine residue on the counter of the sink area just outside the bathroom.

The officers found cocaine in various other places in the small room. Gonzalez had thirteen baggies of cocaine in a shopping bag under his shirt. Maria Torres was in possession of cocaine as well as unused syringes, and her daughter had to be transported to the hospital for a suspected overdose. In addition, the police found cocaine loose in an ashtray in a dresser drawer. The officers seized cocaine in an amount exceeding nine grams. Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could find beyond a reasonable doubt that appellant exercised care, custody, or control over the cocaine knowing that it was contraband. Points of error four and six are overruled.

When conducting a factual sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside for factual insufficiency only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd untimely filed).

The evidence relevant to appellant's guilt was essentially uncontradicted. Disputing the inferences to be drawn from the facts, appellant argues that the facts demonstrated that appellant was a mere hanger-on or user, rather than a distributor of cocaine. Because appellant was not found with cocaine on his person, he argues that he did not exercise care and control over the drugs or possess them with intent to deliver. Appellant acknowledges that a person with the same name as he rented the room, but urges that there is no evidence that he was that person.

We are not free to reweigh the evidence merely because we feel that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135. A decision is not manifestly unjust simply because the fact finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.2d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Viewing the evidence neutrally, and giving due deference to the jury's verdict, we hold that the verdict is not manifestly unjust. Points of error five and seven are overruled.

***Ineffective Assistance of Counsel***

In his first three points of error, appellant contends he did not receive effective assistance of counsel at trial. Appellant complains that counsel was ineffective in failing to (1) object to the prosecution's use of extraneous offenses, (2) contest the legality of the search of the hotel room, and (3) request notice of the State's intent to introduce evidence of extraneous offenses or bad acts.

To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687

6

(1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). The adequacy of defense counsel's assistance is based upon the totality of the representation rather than upon isolated acts or omissions of trial counsel. *Garcia v. State*, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). The burden is on appellant to prove by a preponderance of the evidence that counsel's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that but for counsel's deficiency the result of the trial would have been different. *McFarland v. State*, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992). In reviewing a claim of ineffective assistance, we entertain a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment and that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700.

In his first point of error, appellant complains of counsel's failure to object to the State's introduction of extraneous offenses. In determining whether counsel's failure to request and object to the admission of extraneous offenses constituted deficient performance, we must first decide whether the offenses were admissible, because failure to object to otherwise admissible testimony does not render counsel ineffective. *See Heiman v. State*, 923 S.W.2d 622, 625 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). Extraneous offenses are inadmissible to prove character conformity, but may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident if the probative value of this evidence substantially outweighs the danger of unfair prejudice. Tex. R. Evid. 403, 404(b). Thus,

7

an extraneous offense may be admissible if it is relevant to a material issue and if the relevance of the evidence outweighs its inflammatory or prejudicial potential. *See Williams v. State*, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983).

Appellant cites seventeen alleged extraneous acts that he claims should have been excluded from evidence, including: (1) Officer Nichols's testimony that he was familiar with appellant from a previous narcotics investigation where cocaine was found, appellant was present in possession of a syringe, and appellant was issued a citation for possession of drug paraphernalia; (2) testimony concerning the circumstances of appellant's arrest in this case, particularly that he was found in the bathtub under the influence of drugs; (3) evidence that other individuals present in the motel room were in possession of cocaine, and that they were arrested and subsequently convicted of possession of cocaine with intent to deliver; (4) that appellant was arrested with a Lone Star card and two unsigned checks made payable to appellant; (5) that cocaine residue was found in an ashtray in a dresser drawer and in a lady's cosmetics case on a counter by the sink; (6) that appellant was known by the police to be a drug and cocaine user; and (7) that the physical condition of the sixteen-year-old girl indicated drug use. Because defense counsel did not object to the admission of this evidence, appellant advances the argument that he was prejudiced by its admission. We disagree.

Appellant has cited no authority to support his contention that the evidence of use and possession of cocaine and drug paraphernalia by others in the room is inadmissible. The State is entitled to show circumstances surrounding an arrest. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). Because the evidence was directly connected to, contemporaneous with, and inseparable from appellant's arrest, the evidence was properly admitted. *Id*. at 565.

8

Appellant also fails to cite any authority for his assertion that the residue and drug paraphernalia found in close proximity to him constitute extraneous offenses. This evidence is relevant and admissible to show that appellant was a participant in the crime for which he was charged. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). The State sought to establish appellant's custody and control over, and access to, the drugs, that he was arrested in close proximity to contraband, and that the contraband was in plain view. Thus the challenged proof was integral to the offense for which appellant was charged. Aside from the relevance of this evidence in proving appellant's guilt as a principal, the State also relied on the theory that he was a party to the offense committed by others.

Appellant also complains of counsel's failure to object to the admission of a Lone Star card and two unsigned checks made payable to appellant. The State elicited testimony that appellant was found fully dressed with a wallet on his person. The wallet contained a Lone Star card for food stamps, an unsigned check in the amount of $60 made out to appellant for yard work, and a second blank check also for $60 for yard work. On cross-examination of one of the police officers, counsel established that–unlike others in the room–appellant had no drugs or cash on his person. Appellant fails to cite any authority to support his argument that these items are inadmissible extraneous acts. He does not identify any prejudice resulting from the admission of these items and we find none.

Of the seventeen alleged acts listed by appellant, only four arguably qualify as extraneous offenses. They involve the testimony of two police officers that they recognized appellant when he was arrested because he had been present at the execution of a search warrant at a different location on a prior occasion where drugs had been found. Both officers testified that they knew

9

appellant to be a user of narcotics and that he had been issued a citation for possession of drug paraphernalia on a previous occasion. Evidence of prior drug use is admissible when the evidence raises an inference in favor of the existence of a motive on the part of the accused to commit the offense for which he is charged. *Puente v. State*, 888 S.W.2d 521, 527 (Tex. App.—San Antonio 1994, no pet.); *Johnson v. State*, 651 S.W.2d 303, 313 (Tex. App.—San Antonio 1983, no pet.). Here, the testimony tended to show that appellant was willing to rent a motel room under his name to facilitate the distribution of cocaine. The evidence was admissible to establish appellant's motive and intent in being present in the motel room, and to show that he was not a mere bystander.

Even assuming that the evidence was inadmissible, we do not believe that counsel's failure to object to its introduction amounts to ineffective assistance of counsel. The failure to object to inadmissible testimony can constitute a sound and plausible trial strategy. Counsel's failure–or decision–not to object appears to be consistent with his trial strategy.

The defense theory was clear. As a matter of trial strategy, defense counsel sought to establish that appellant was a mere user rather than a distributor of cocaine. In his opening statement, counsel emphasized that appellant's "mere presence" at the scene was insufficient to convict him. Counsel argued:

> [T]he focus of this investigation was not Mr. Esquivel. And I think the evidence will point that out, that he was one of a number of hangers-on in the room . . . . [T]he evidence will show that Mr. Esquivel was not in possession of any of the controlled substances found in that room and that whatever may have happened with the person that may–the evidence may or may not show they went to the hospital. Mr. Esquivel was not the target of that. And Mr. Esquivel was not the person responsible for that.
>
> And, certainly, the charge is possession, with intent to deliver. I think the evidence will show Mr. Esquivel never had any care, custody or management or

10

control, even, of the controlled substance, much less the intent to deliver. Watch the evidence and what it shows you about his involvement in this case.

On cross-examination, defense counsel sought to establish that the circumstances of the prior incident were identical to those in the present case and that appellant was a mere user and not a distributor. Counsel established that the officers were familiar with appellant as a user from the prior contact; that he was not found with drugs on his person; and that Gonzalez, who was found with baggies of drugs and a substantial amount of cash on his person, was most likely the distributor.

In closing argument, counsel argued that Gonzales and Torres, as the individuals with drugs found on their persons, were properly arrested and indicted, but that appellant–as on the prior occasion–was simply found with a syringe: "And we find him in exactly the same situation here: cocaine all over the place, and [appellant] is there standing in a bathtub. Nothing around him." Counsel later argued: "He hangs out with bad people, he is in the wrong place at the wrong time too many times." Thus, counsel pursued a viable trial strategy designed to minimize his client's culpability while admitting to those aspects of the evidence consistent with a "hanger-on" theory. Invoking the presumption in favor of effectiveness, as we must, we cannot view this decision in an otherwise fairly aggressive and competent defense as demonstrating incompetency.

Trial strategy may constitute ineffective assistance only if the record demonstrates that the conduct by counsel is without any plausible basis. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *McFarland*, 928 S.W.2d at 501; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). An appellate court must avoid the distortions of hindsight, and must evaluate counsel's conduct from his perspective at the time of trial. *Ex parte Kunkle*, 852 S.W.2d 499, 505

11

(Tex. Crim. App. 1993). A conscious and informed decision on trial strategy cannot be the basis for a constitutional ineffective assistance claim unless it is so ill-chosen that it permeates the trial with obvious unfairness.

Even assuming that counsel erred by not objecting to the admission of the various items of evidence, appellant fails to demonstrate how the unobjected-to evidence might have influenced the fairness of the trial. Thus, appellant satisfies neither prong of the *Strickland* test: he neither demonstrates error so egregious that it amounted to ineffective representation nor demonstrates a reasonable probability that, but for this error, a different outcome might have been achieved. *Strickland*, 466 U.S. at 689. Point of error one is overruled.

In his third point of error, appellant further contends that his trial counsel was ineffective because he failed to request notice from the State that the State intended to introduce evidence of extraneous offenses. Citing *Jaubert v. State*, appellant asserts that the trial court's failure to request the State to disclose its intent to use evidence of extraneous bad acts is *per se* ineffective assistance because it undermines the adversarial process. No. 10-99-00090-CR, 2000 LEXIS 7512 (Tex. App.—Waco Oct. 31, 2000, no pet. h.).

Appellant would have been entitled to this notice under Texas Code of Criminal Procedure article 37.07, section 3(g), and Texas Rule of Evidence 404(b). Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2001); Tex. R. Evid. 404(b). The State was obligated to provide such notice, however, only if appellant timely requested disclosure. Trial counsel's failure to file pre-trial motions generally does not result in ineffective assistance of counsel. *Autry v. State*, 27 S.W.3d 177, 182 (Tex. App.—San Antonio 2000, pet. ref'd); *Wills v. State*, 867 S.W.2d 852, 856 (Tex.

12

App.—Houston [14th Dist.] 1993, pet. ref'd); *Martinez v. State*, 824 S.W.2d 688, 690 (Tex. App.—El Paso 1992, pet. ref'd).

In the present case, the record is silent as to whether trial counsel received notice of the extraneous acts. The record also does not reveal whether he was surprised by any of the so-called extraneous acts. It is also possible that counsel determined not to request the evidence, hoping that the prosecutor would not locate or focus on other evidence. By raising appellant's motive and intent in his opening argument, appellant opened the door for the State to come forward with its evidence on those issues. That the proof adduced was consistent with the defense theory demonstrates that its admission was strategic and purposeful on the part of defense counsel and harmless even if error.

Although purposefully deciding *not* to request disclosure of the State's intent to introduce evidence of extraneous offenses may amount to questionable trial strategy, appellant also has not satisfied the second prong of the *Strickland* test. Appellant has not stated what steps he would have taken if he had received written notice of the State's intent to introduce extraneous evidence. *Autry*, 27 S.W.3d at 182. Nor has he demonstrated that a different outcome would have been likely if trial counsel had been in possession of written disclosure from the State of its plan to introduce extraneous offenses. Point of error three is overruled.

In his second point of error, appellant complains that his counsel was ineffective because he failed to file a motion challenging the legality of the search of the motel room. Although the officers entered the motel room on the basis of a felony arrest warrant for Gonzalez, appellant contends that the search of the room was illegal and that his counsel should have contested the legality of the search. Appellant does not contest the authority of the police officers to enter the

13

motel room to make the arrest, but contends specifically that the search of the drawers was illegal. We disagree. The record establishes that the officers made a "dynamic" entry of the motel room to execute a felony warrant on a person who was known to be armed. Under a long line of cases, police officers are entitled to search for and seize any evidence or weapons on an arrestee's person or the area within his immediate control. *See, e.g., Knowles v. Iowa*, 525 U.S. 113, 116-17 (1998); *California v. Acevedo*, 500 U.S. 565, 584 (1991); *Chimel v. California*, 395 U.S. 753, 762-63 (1969); *Rogers v. State*, 774 S.W.2d 247, 264 (Tex. Crim. App. 1989). Counsel was not ineffective for failing to challenge the legality of the room search. Point of error two is overruled.

Direct appeal of ineffective assistance claims is particularly difficult in issues relating to trial strategy when defense counsel was otherwise competent and aggressive. Appellant's motion for new trial did not raise an ineffectiveness of counsel claim. A bare trial record is seldom adequate to prove ineffectiveness of counsel. *See Jackson*, 877 S.W.2d at 772 (Baird, J., concurring). After carefully reviewing the trial record, we hold that appellant has failed to establish that his counsel's performance was deficient. There is nothing in the record to overcome the strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. Absent evidence to the contrary, we hold that counsel was not ineffective for failing to request notice of or object to evidence of extraneous offenses, or for failing to file a pretrial motion challenging the search of the motel room.

*Hearsay*

In his final point of error, appellant contends that the trial court erred in admitting Officer Nichols's testimony that appellant was the person who rented the motel room where the cocaine was found. Appellant objected that the testimony constituted inadmissible hearsay. Because the owner of the motel was called as a witness and testified to the same evidence without objection, we hold that the error, if any, was harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991). Point of error eight is overruled.

## Conclusion

Having overruled appellant's eight points of error, we affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 17, 2001

Do Not Publish

15