NO. 07-06-0253-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 27, 2006


______________________________



RICARTE G. GONZALEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436822; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Ricarte G. Gonzalez, appeals his conviction for indecency with a child
and sentence of incarceration in the Institutional Division of the Texas Department of
Criminal Justice for a period of 15 years, and fine of $3,000. We dismiss for lack of
jurisdiction.

 Following jury trial, appellant was convicted of indecency with a child and sentence
was imposed on March 22, 2006. Appellant timely filed a Motion for New Trial on April 21,
2006. As such, appellant's notice of appeal was due by June 20, 2006. See Tex. R. App.
P. 26.2. Appellant filed his notice of appeal on June 23, 2006. Appellant has not filed a
motion for extension of time to file notice of appeal in this cause.

 Texas Rule of Appellate Procedure 26.2 requires a notice of appeal to be filed within
30 days after sentence is imposed unless the defendant timely files a motion for new trial. 
Tex. R. App. P. 26.2(a). If the defendant timely files a motion for new trial, the notice of
appeal is due within 90 days of the imposition of sentence. Id. While the Rules of
Appellate Procedure do not establish the jurisdiction of courts of appeals, the Rules do
provide procedures which must be followed to invoke a court's jurisdiction over a particular
appeal. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). If the jurisdiction of
a court of appeals is not properly invoked, the power of the appellate court to act is as
absent as if it did not exist and the appeal will be dismissed for lack of jurisdiction. See
State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000); Olivo, 918 S.W.2d at 523. 
An untimely notice of appeal is insufficient to invoke an appellate court's jurisdiction to
address the merits of the appeal and the court can take no action other than to dismiss the
appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

 As appellant's notice of appeal was untimely, this court's jurisdiction has not been
invoked. Accordingly, we dismiss this appeal for lack of jurisdiction. 


 Mackey K. Hancock

 Justice


 Do not publish. 



ring is a statutory right that can be waived. Vidaurri v. State, 49 S.W.3d 880, 886
(Tex.Crim.App. 2001). Appellant did not lodge an objection complaining that he was
denied a separate punishment hearing. Nor does his motion for new trial contain a ground
on that basis. (1) By his motion for new trial, Appellant only alleged that the verdict was 
contrary to the law and evidence. Use of a motion for new trial to preserve error is limited
to those rare cases where a defendant is not afforded an opportunity to object to the lack
of a hearing. See Issa v. State, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992) (denying the
defendant an opportunity to object by revoking probation and imposing sentence in one
declaration). Here, Appellant was given an opportunity to present evidence, but did not. 
See Pearson v. State, 994 S.W.2d 176, 179 (Tex.Crim.App. 1999). Point of error one is
overruled.

 By his second and final point, Appellant complains that his trial counsel was
ineffective in not filing a motion to dismiss for violation of his right to a speedy trial. We
disagree. A claim of ineffectiveness is reviewed under the standard set out in Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland,
a defendant must establish that (1) counsel's performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but
for counsel's deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.CrimApp. 2003); see also
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). In other words, a defendant
must demonstrate by a preponderance of the evidence that the deficient performance
prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002);
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Thompson, 9 S.W.3d at 814, citing Strickland, 466 U.S. at 700.

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984); see
also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993). Appellate review of
trial counsel's representation is highly deferential and presumes that counsel's conduct
fell within the wide range of reasonable and professional representation. See Andrews v.
State, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). See also Bone v. State, 77 S.W.3d
828, 833 (Tex.Crim.App. 2002). To defeat the presumption of reasonable professional
assistance, any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Mallett v. State, 65
S.W.3d 59, 63 (Tex.Crim.App. 2001). See also Thompson, 9 S.W.3d at 813-14. 
However, where the alleged derelictions are errors of omission outside of the record rather
than errors of commission revealed in the trial record, collateral attack may be the vehicle
by which to develop a detailed record of the alleged ineffectiveness. See Freeman v.
State, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003). See generally Massaro v. United
States, 538 U.S. 500, 123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when
a claim of ineffectiveness is raised on direct appeal, a trial record is usually not developed
for establishing such a claim).

 At the time Appellant filed his Motion for Speedy Trial, he indicated that one witness
had moved to Nebraska and he had no way to communicate with her, and a second
witness had changed her number and he had no way to contact her. He alleges on direct
appeal that those witnesses would have provided favorable testimony; however, he did
not specify in his motion for speedy trial that the witnesses would have offered relevant
and material testimony for his defense and that due diligence was exercised in locating
the witnesses. This would have satisfied the prejudice prong of the Barker balancing test
applied in assessing violations of the Sixth Amendment right to a speedy trial. See Barker
v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (holding that an
accused's allegation that he was denied the right to a speedy trial requires the balancing
of four factors, to-wit: (1) length of the delay; (2) reason for the delay; (3) assertion of the
right; and (4) prejudice to the accused to determine whether his right to a speedy trial was
violated). See also Phipps v. State, 630 S.W.2d 942, 947 (Tex.Crim.App. [Panel Op.]
1982). 

 Moreover, the mere failure of counsel to file appropriate pretrial motions is not
categorically deemed ineffective assistance. Passmore v. State, 617 S.W.2d 682, 685
(Tex.Crim.App. 1981). This rule applies to a motion to dismiss based on an allegation of
a lack of a speedy trial. See Martinez v. State, 824 S.W.2d 688, 690 (Tex.App.-El Paso
1992, pet. ref'd).

 As previously noted, in his motion for new trial, Appellant only alleged that the
verdict was contrary to the law and evidence. He did not include a ground on ineffective
assistance of counsel nor provide an affidavit from his trial counsel explaining his
motivation for not filing a motion to dismiss. Without a record explaining counsel's
actions, Appellant has not overcome the presumption that counsel's tactics were sound
trial strategy. See Jaile v. State, 836 S.W.2d 680, 687 (Tex.App.-El Paso 1992, no pet.)
(explaining that counsel's failure to move for dismissal for a speedy trial violation may
have been strategic hoping that the complainant's memory would falter). Point of error
two is overruled.

 Accordingly, the trial court's judgment is affirmed.

 Patrick A. Pirtle

 Justice


 

Do not publish.
1. To preserve error on the lack of a punishment hearing, a defendant must timely
request such a hearing, object to the lack of one, or timely file a motion for new trial based
on that omission and specify the evidence he would have presented at the punishment
hearing. Lopez v. State, 96 S.W.3d 406, 413-14 (Tex.App.-Austin 2002, pet. ref'd).