

# NUMBER 13-07-00075-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RICKY LEE PADY,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant, Ricky Lee Pady, appeals his conviction for murder. *See* TEX.
PENAL CODE ANN. § 19.02 (Vernon 2003). In two issues, appellant contends (1) that he was
denied his constitutional right to a speedy trial; and (2) he was denied his right to adequate
counsel because his attorney failed to pursue a speedy trial. We affirm.

## I. Speedy Trial

By his first issue, appellant argues that he was denied his constitutional right to a speedy trial. By his second issue, appellant complains that he received ineffective assistance when his second court-appointed counsel failed to request a speedy trial. Because appellant concedes through his second issue that no motion for speedy trial was ever filed with the trial court, and because there is no evidence in the record that appellant asserted his right to speedy trial, we overrule his first issue for failure to adequately preserve error. *See* Tex. R. App. P. 33.1(a); *Mulder v. State*, 707 S.W.2d 908, 914-15 (Tex. Crim. App. 1986); *Johnson v. State*, 901 S.W.2d 525, 529-30 (Tex. App.–El Paso, pet. ref'd). We will, however, address appellant's allegation of ineffective assistance for failure to file a motion for speedy trial claim.

## II. Failure to File Motion for Speedy Trial

By his second issue, appellant contends that he received ineffective assistance when his second appointed trial counsel failed to seek a speedy trial in his case. A claim of ineffectiveness is reviewed under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In other words, a defendant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense. *Mitchell v. State*, 68

2

S.W.3d 640, 642 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 814.

At the hearing on appellant's motion for new trial, the attorney discussed his reasons for not filing a motion for speedy trial. According to the attorney, two issues were imperative to appellant's defense: (1) appellant's competence, and (2) DNA evidence. The attorney explained that it was absolutely necessary that the DNA evidence expected to be used by the State was reviewed by his own expert. He stated that after the State received its DNA test results, the trial court granted his motion to have the DNA independently reviewed. He added that it "took awhile" for the State to receive its initial results, and even longer for him to receive the results from the independent lab. He explained that he would have been "ineffective" had he not sought his own independent review of the DNA evidence. The attorney also explained that appellant's competency was at issue, and that he repeatedly sought to have appellant mentally examined, and that he requested and received two competency jury trials. He explained that the issue of appellant's competency, as well as having to wait for the DNA test results, caused significant pre-trial delay. The attorney, added, however, that the delay in no way affected his defense.

On appeal, appellant asserts that the attorney's absolute failure to file a motion for speedy trial renders him ineffective "per se." Appellant, however, cites no authority to support such a contention. Rather, the mere failure of counsel to file appropriate pretrial motions is not categorically deemed ineffective assistance. *See Martinez v. State*, 824 S.W.2d 688, 690 (Tex. App.–El Paso 1991, pet. ref'd); *see also Whitfield v. State*, No. 07-

06-0308-CR, 2007 Tex. App. LEXIS 4994, at *7 (Tex. App.–Amarillo June 27, 2007, no pet.) (mem op., not designated for publication).  This rule applies to a motion to dismiss based on an allegation of a lack of a speedy trial.  *See Martinez*, 824 S.W.2d at 690.  Moreover, unless an appellant shows that a pretrial motion had merit "and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion."  *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (citing *Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993)).

In determining whether a criminal defendant has been denied his federal or state constitutional right to a speedy trial, the courts must use a balancing test in which the State's conduct and the defendant's conduct are weighed.  *Shaw v. State*, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003).  Courts consider four nonexclusive factors when determining a speedy trial claim: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) any prejudice caused by the delay.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Shaw*, 117 S.W.3d at 888-89.  None of the four factors is either a necessary or sufficient condition to the finding of deprivation of the right of a speedy trial.  *Barker*, 407 U.S. at 533.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant.  *Id*.

In his brief, appellant arbitrarily cites to twenty-nine "events" that he feels have denied him a speedy trial.  Among the "events" that he cites are various motions for continuances filed by his own trial counsel, the delay in receiving the DNA results from the independent lab, the multiple times his competence was examined by a medical doctor, and the two competency jury trials.  At no point, however, does appellant explain how

4

these twenty-nine "events" demonstrated prejudice with regard to his speedy trial claim. *See Guajardo v. State*, 999 S.W.2d 566, 570 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (recognizing that the most important factor in determining whether an appellant was denied a speedy trial is the amount of prejudice that the appellant has suffered as a result of the delay). Rather, appellant merely asserts that prejudice is shown in his fifty-year sentence. This is not the type of prejudice that the right to a speedy trial was intended to protect. *See Barker*, 407 U.S. at 532 (recognizing that a speedy trial claim should be viewed in light of its interest to prevent oppressive pretrial incarceration; to minimize anxiety and concern to the accused; and to limit the possibility that the defense will be impaired).

Moreover, in looking to the reasons for the delay, the record supports the attorney's contentions that a large portion of the pre-trial delay was attributable to the time it took appellant to receive the DNA test results from the independent lab and also the time it took to assure appellant's competency. A delay attributable to the defendant may constitute a waiver of his right to a speedy trial and, therefore, will weigh heavily against him. *See State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999); *Webb v. State*, 36 S.W.3d 164, 173 (Tex. App–Houston [14th Dist.] 2000, pet. ref'd). Appellant's counsel sought and received eight continuances as a result of the time it took to receive the independent lab results. Moreover, appellant was mentally examined by three different physicians and underwent two competency jury trials, which also caused significant delay in appellant's case.

Appellant has failed to show that he suffered prejudice as a result of the delay, and

5

given that the reasons for the delay were various continuances filed as a result of the time it took to receive the independent DNA lab results, as well as the time it took to have appellant mentally examined, we conclude that appellant has failed to show a reasonable probability that the result of his trial would have been different but for his trial counsel's failure to assert his speedy trial right. We overrule appellant's second issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 13th day of November, 2008.