

# NUMBER 13-12-00248-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RICARDO ZAMORA,**                                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                      **Appellee.**

## On appeal from the 94th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant, Ricardo Zamora, was convicted of continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2011). Subsequently, Zamora was sentenced to fifty years' confinement in the Texas Department of Criminal Justice Institutional Division. By one issue, Zamora argues that he received ineffective

assistance of counsel because his trial counsel failed to file pre-trial motions. We affirm.

## I. BACKGROUND

On July 27, 2011, Zamora was arrested and accused of engaging in sexual contact with two children younger than seventeen years of age. *Id.* Later, Zamora was indicted on September 1, 2011, and reindicted on January 27, 2012 for continuous sexual abuse of a child.

Prior to Zamora's trial, Zamora's trial counsel, who is also his appellate counsel, filed: (1) a motion for continuance, (2) an affidavit on the defendant's comprehension of the English language, and (3) an application for community supervision. No other motions were filed.[1]

On March 21, 2012, a jury convicted Zamora for the offense of continuous sexual abuse of a child. *See Id.* The trial court sentenced Zamora to fifty years' confinement. This appeal followed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A claim of ineffective assistance of counsel is evaluated under a two-part test derived from the Supreme Court decision in *Strickland v. Washington*, 466 U.S. 689 (1984). The *Strickland* test requires that Zamora show that his counsel's performance was deficient and fell below the objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In establishing the validity of Zamora's claim of ineffective assistance of counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effect of hindsight." *Id.* Should

---

[1] Zamora's previous trial counsel filed a motion to reduce bond.

Zamora prove his counsel was deficient, he must then show that, but for counsel's errors, the outcome of his case may have been different *Rodriguez v. State,* 899 S.W.2d 658, 668 (Tex. Crim. App. 1995)*.*

The burden is on Zamora to prove ineffective assistance of counsel by a preponderance of evidence. *See Rodriguez,* 899 S.W.2d at 668 (Tex. Crim. App. 1995) (citing *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim App. 1985)). Additionally the fact that another attorney might have pursued a different course of action or tried the case differently will not support a finding of ineffective assistance of counsel. *Owens v. State,* 916 S.W.2d 713, 717 (Tex. Crim. App. 1996).

### III. ANALYSIS

By his sole issue, Zamora asserts that he was provided with ineffective assistance of counsel because Zamora's counsel did not file pre-trial motions. Nonetheless, we ultimately conclude that Zamora cannot show prejudice under *Strickland*. First the defense counsel's mere failure to submit an appropriate pre-trial motion does not on its face prejudice the defendant and Zamora does not explain how the failure to file certain pre-trial motions affected the outcome in this case. *Madden,* 911 S.W.2d at 241 (citing *Martinez v. State*, 824 S.W. 2d 688, 690 (Tex. Crim. App 1992)). In fact, because the trial judge has discretion in granting and denying these motions, Zamora would be hard-pressed to prove that the failure to file pre-trial motions would have affected the outcome of his case, Zamora failed to state with specificity which pre-trial motions would have impacted his case. Therefore we cannot make a determination as to how the motions may have made a difference, and *See Thompson,* 9 S.W.3d at 812. Zamora has failed to show how his counsel's performance was deficient and fell below the

3

objective standard of reasonableness. *See Strickland,* 466 U.S. at 689. Moreover, Zamora has failed to show that the outcome of his case would have been different but for the deficient performance. *See Id.* Accordingly, we overrule Zamora's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
27th day of June, 2013.