Tomas SALINAS, a/k/a Tomas Pena Salinas, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–255–CR.

Court of Appeals of Texas, Corpus Christi.

June 6, 1991.

Rehearing Overruled June 18, 1991.

Dorina Ramos, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and HINOJOSA and DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

A jury found appellant guilty of murdering Raul Lopez, Jr., and assessed his punishment, enhanced by two prior felony convictions, at life in prison. We affirm.

■ In his first two points of error, appellant contends that the evidence is insufficient to sustain the conviction. Albert Cruz was the State's key witness. According to Cruz, he, Lopez, appellant, and another man had been at a bar and then went to Lopez' house. There, the men ate and arm-wrestled. At some point, appellant became argumentative, and Lopez told him to leave. As appellant was leaving, he said that he would see Lopez "in a little bit." After appellant left, Cruz got comfortable on the sofa, and Lopez sat by the window. They listened to the stereo which was "pretty loud." About fifteen minutes after appellant left, Cruz heard "a little pop like a gun" and then noticed blood coming out of Lopez. Cruz looked out the window and saw appellant standing there with a shotgun in his hand. Cruz ran out of the house, gave chase, and saw appellant running away.

Investigator Alma Ramirez testified about the physical evidence. She determined that a shotgun blast had killed Lopez. The blast had gone through the window screen, glass, and curtains and then hit Lopez in the back of the head. Cruz' identification testimony was critical to the State's case, as he was the only person to witness the incident.

On appeal, appellant points to several facts to claim that a rational trier of fact could not have believed Cruz' testimony. These facts showed that Cruz was blind in his left eye, had drunk beer and wine before the shooting, and had given conflicting statements to the police about the event. In Cruz' first statement, he said that the man he saw was built like appellant. He did not say that he had recognized appellant at the window. In his second state-

ment, he said he recognized appellant at the window.

Appellant contends that the jury returned a verdict of guilty based "solely on the testimony of a half-blind witness who had drunk five or six beers and some wine." Appellant also points out that Cruz' statements were conflicting, that nothing was mentioned about the fourth man who was at the victim's house that night, and that Cruz did not explain why he chased a man with a gun rather than call for help.

■ We find the evidence sufficient to sustain the conviction. The analytical approach used by an appellate court to judge the sufficiency of the evidence is to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Baugh v. State*, 776 S.W.2d 583, 585 (Tex.Crim.App.1989). In this case, Cruz' testimony alone provides sufficient evidence to sustain the conviction. It was the jury's prerogative to believe Cruz' testimony, and an appellate court cannot substitute its judgment for that of the jury. *See Villalon v. State*, 791 S.W.2d 130, 132–137 (Tex.Crim.App.1990). Appellant's first two points of error are overruled.

■ In his third point, appellant contends that the trial court erred in refusing to order specific performance of a plea bargain which the State offered to appellant on the first day of trial. The following facts are pertinent to this point of error.

On March 20, 1990, appellant pled "not guilty" and the State began its case-in-chief. On March 21, the State called one additional witness and then rested its case. At this point, appellant's counsel informed the court that, on the previous day, the State had proposed a plea bargain agreement but that appellant had refused to accept it. The trial court questioned appellant, apparently to verify what counsel had said, and appellant stated that he had accepted the State's offer.

Appellant's counsel then stated that, on the previous day, the State had offered a plea bargain for twenty years but that appellant had indicated he would accept fifteen years. Appellant said that he had told his counsel that if the State would not accept fifteen years, he would take twenty. Appellant then told the trial court that he would accept the twenty-year offer. At this point, the trial court asked the State if it was ready to go forward with a twenty-year plea bargain. The prosecutor asked for a moment, spoke to the victim's family, and then said the State would not take that offer.

Appellant's counsel then asked the trial court to order specific performance of the plea bargain. The prosecutor stated that the plea offer had been extended the previous day and was open only on that day. The prosecutor said that appellant had counter-offered but that the State had rejected the counter-offer. Appellant said that he believed the State's offer was still open and that he had told his lawyer he would take twenty years if the State was not willing to accept fifteen. Appellant's counsel then stated that he thought the offer was still open and that he never told appellant that the offer was closed. Appellant's counsel then renewed his request for specific enforcement of the plea bargain, and the trial court denied the motion.

On appeal, appellant argues that (1) there was miscommunication between appellant and his counsel and (2) the State's plea offer remained open, and (3) therefore the trial court should have specifically enforced the plea agreement.

The uncontested facts show that the State made a plea offer on the day before it rested. Appellant did not accept that offer but instead counter-offered with a term of fifteen years. A counteroffer is a rejection of an offer, and the offeree's power to accept the offer is terminated by making the counter offer unless the offeror has manifested a contrary intention or unless the counteroffer manifests a contrary intention of the offeree. *See Thurmond v. Wieser*, 699 S.W.2d 680, 682 (Tex.App.— Waco 1985, no writ); *Legal Security Life Ins. Co. v. Ward*, 373 S.W.2d 693, 698 (Tex.Civ.App.—Austin 1963, no writ). There is no evidence that the State intend-

ed to keep its offer open or that appellant's counteroffer manifested such an intention, despite appellant's belief that the State's offer was still open. When appellant rejected the offer by countering with a lesser term of years, the State's offer effectively terminated. At trial, when appellant personally indicated to the trial court that he wished to accept the State's offer, there was no offer outstanding. The State and appellant never reached a plea agreement, and the trial court did not err in refusing to order specific performance.[1] Appellant's third point of error is overruled.

■ In his fourth point, appellant contends he was not provided with effective assistance of counsel at the punishment phase of trial. Appellant specifically complains that counsel was ineffective because he failed to object to the admission of certified copies of the two prior felony convictions. The copies were certified as true and correct by the records clerk at the Texas Department of Corrections, but the penitentiary packets, as introduced, did not contain certificates from the district clerk of the convicting court. The Court of Criminal of Appeals has recently held that certification from the district clerk of the convicting court is not required. *Reed v. State*, 811 S.W.2d 582 (Tex.Crim.App.1991).

■ Although appellant's counsel could have objected to the admission of the prior convictions for their incomplete certification based on the case law then in effect,[2] the standard to judge whether a defendant received the effective assistance of counsel at the punishment phase is based on the "totality of the representation" and not on his handling of any particular item. The "totality of representation" includes pretrial representation, guilt-innocence stage, and the punishment phase of trial. *Ex parte Walker*, 777 S.W.2d 427, 430–32 (Tex.Crim.App.1989); *Garza Garza v. State*, 788 S.W.2d 651, 657 (Tex.App.—Corpus Christi 1990, no pet.). The test is whether counsel rendered reasonably effective assistance. *Ex parte Walker*, 794 S.W.2d 36, 37 (Tex.Crim.App.1990); *Ex parte Williams*, 753 S.W.2d 695, 698 (Tex. Crim.App.1988); *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980); *see also Ex parte Cruz*, 739 S.W.2d 53, 60 n. 1 (Tex.Crim.App.1987) (Clinton, J., dissenting).

We have reviewed the record and find that, based on the "totality of representation" shown by the record, appellant was not denied the effective representation of counsel. Counsel performed effectively in voir dire, vigorously examined the witnesses during guilt-innocence and punishment, and presented adequate argument. Based on the totality of the circumstances, counsel provided appellant with effective representation. Appellant's fourth point of error is overruled. The judgment of the trial court is affirmed.

---

1. We recognize that counsel has a duty to inform his client of a plea offer, *see Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex.Crim.App.1987), and presumably a duty to convey his client's acceptance of such offer to the State. The record does not show what counsel did after learning that the State rejected appellant's counteroffer. We presume, as the record is silent to any further communication between appellant's counsel and the State, that appellant's counsel did not pursue any discussion for a twenty-year term. Appellant does not argue, and we do not address, whether counsel, knowing that appellant would accept the twenty-year offer, may have failed to render effective assistance of

counsel by failing to pursue the matter once the State rejected his counteroffer. As we noted in *Torres v. State*, 788 S.W.2d 709, 712–713 (Tex. App.—Corpus Christi 1990, no pet.), effective assistance claims often may not be adequately reviewed on direct appeal because matters occurring outside of trial are not sufficiently revealed by the record. *See Mills v. State*, 799 S.W.2d 447, 449 (Tex.App.—Corpus Christi 1990, pet. ref'd).

2. *See Dingler v. State*, 768 S.W.2d 305, 306 (Tex. Crim.App.1989); *Rodasti v. State*, 790 S.W.2d 379, 380–81 (Tex.App.—Houston [1st Dist.] 1990, no pet.).