Carlos Manuel JAILE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–91–00006–CR.

Court of Appeals of Texas,
El Paso.

July 1, 1992.

Francisco F. Macias, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for State.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, District Judge.

A jury convicted Carlos Manuel Jaile, Appellant, of the two offenses of aggravated sexual assault of a child and aggravated kidnapping. Subsequently, the jury assessed punishment of life and twenty years' imprisonment on the respective convictions to run concurrently. In five points of error, Appellant seeks review of the trial court's judgment. We affirm.

In his first point of error, Appellant asserts that he was denied effective assistance of counsel in the punishment phase of the trial. In Point of Error No. Two, Appellant argues the conviction on the kidnapping charge constitutes double jeopardy because it subjected him to a second conviction for conduct for which he had been previously prosecuted. In Point of Error No. Three, Appellant complains that the delay between his arrest and trial prejudiced his defense in violation of his right to a speedy trial. In his fourth point of error, Appellant contends he was denied effective assistance of counsel due to trial counsel's failure to raise a speedy trial challenge. In his last point of error, Appellant asserts that the delay between the time of the alleged offense and the trial diminished the viability of his alibi defense and thus violated his right to a fair trial and due course of law. A short rendition of the facts is appropriate.

On August 3, 1987, the eight-year-old complainant was abducted, taken to a secluded area of El Paso and sexually assaulted by a man she did not know. The actor then took complainant to another part of town, told complainant he would kill both her and her mother if she ever told anyone what he had done and released her. Complainant contacted an outcry witness who notified the authorities. After the police interviewed complainant, a doctor examined her and confirmed that rectal penetration occurred.

On July 25, 1989, the grand jury returned two indictments charging Appellant with aggravated sexual assault and aggravated kidnapping. Subsequently, Appellant was arrested. Trial on these charges began on December 17, 1990. Appellant's trial counsel conducted an extensive voir dire of the jury panel. In his opening statement, counsel indicated to the jury that the evidence would illustrate Appellant's defenses of misidentification and alibi. During the State's case-in-chief, the complainant identified Appellant as her abductor. Counsel cross-examined several of the State's witnesses raising issues pertaining to his defenses. The defense also presented several witnesses, including Appellant, in an attempt to further the defenses. In closing argument, counsel emphasized that resolution of the conflicting evidence regarding identification of Appellant as the actor turned upon the weight to be given the testimony of the distraught complainant and the credibility to be given to the testimony of Appellant and his alibi witnesses.

As was their prerogative, the jury resolved the conflict against Appellant and found him guilty on both counts. During the punishment phase, the State re-offered the evidence admitted during the guilt-innocence phase and rested. Appellant offered his application for probation which was admitted into evidence, and he also rested. After the court read the lengthy charge to the jury, the State waived opening argument. Subsequently, Appellant's counsel presented a short argument followed by the State's closing argument. After deliberating approximately thirty minutes, the jury returned a verdict assessing punishment.

In Point of Error No. One, Appellant argues the conviction should be reversed because he was denied effective assistance of counsel during the punishment phase of the trial. Appellant's contention is premised upon his belief that trial counsel's argument did nothing but inflame and aggravate the jury to the extent that they im-

posed maximum sentences for the crimes when the evidence did not otherwise support such a stiff punishment.

 The standard of review applied to determine if an accused was denied ineffective assistance of counsel in the punishment phase of a non-capital trial is whether the accused received reasonably effective assistance based upon the totality of the representation. *Ex parte Walker*, 794 S.W.2d 36, 37 (Tex.Crim.App.1990); *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Crim.App.1980). In applying the standard, we are required to review the full scope of counsel's assistance—including representation, performance and delivery—to determine the quality of the assistance *actually rendered*. *Walker*, 794 S.W.2d at 37. Appellant's right to reasonably effective counsel does not entitle him to errorless counsel whose effectiveness is judged through hindsight. *See Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Crim.App.1991); *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim. App.1987). Furthermore, reasonably effective assistance can include strategies fostered by trial counsel which, without the distorting effects of hindsight, might not have been advanced by appellate counsel. *See Stafford*, 813 S.W.2d at 506. Even though Appellant need not meet the more stringent and oft quoted two-pronged *Strickland*[1] standard applied in other situations, he does shoulder the burden of establishing that the totality of the assistance actually rendered was not reasonably effective.

 Appellant's misidentification defense centered around the potential errors likely made by a child victim in identifying her assailant from a single brief, traumatic encounter which occurred over two years prior to her out-of-court lineup identification. The evidence produced on this issue illustrated, in part, that Appellant wore different clothes than described by the victim, he drove a different style and colored vehicle and he sported a different hairstyle than described by the victim. Appellant also raised an alibi defense by calling several witnesses to establish his whereabouts at or near the alleged time of the offense. Counsel attempted to further these defenses in closing argument by acquiescing that the State proved the complainant had in fact been sexually assaulted, but he emphasized the asserted resemblance of Appellant to the actual perpetrator was insufficient to find beyond a reasonable doubt that Appellant committed the offense considering the conflicting testimony which advanced his defenses. Nevertheless, Appellant was convicted, and he does not challenge the assistance provided during the guilt-innocence phase of the trial.

He does, however, argue that counsel's post-conviction punishment phase assistance was, in and of itself, ineffective. Specifically, Appellant contends that trial counsel's failure to put on any evidence to possibly lure the jury into granting Appellant leniency was not reasonably effective. Also, he assails counsel's argument to the jury. The challenged argument, in total, is as follows:

> Ladies and gentlemen, in some twenty-six long years of prosecuting and defending people in court, in trying some literally hundreds of cases, I have never felt compelled or had the opportunity to say three things that I want to say to this jury. It's not going to take me long and I will sit down and shut up. I am shocked and appalled by your verdict. A great injustice has been done here. Whatever you do with respect to sentencing can only compound it. I am sorry, but I cannot find it in my heart to thank you.

Appellant argues that sound trial strategy in a case as the instant one virtually dictates that counsel should have humbly accepted the verdict, reasserted any lingering doubts in the jurors' minds and urge that such an act of pedophilia constitutes a sickness rather than an evil mind. Without any factual support such as testimony from trial counsel at a hearing on motion for a new trial, Appellant now asserts trial counsel discarded all concepts of strategy and

---

1. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

sought only to insult the jurors. We disagree.

Appellant argues even if counsel's course of action had achieved its apparent objective, it cannot be considered strategy if it would not benefit his client. Consequently, Appellant now concludes trial counsel's course of action was obviously outside the realm of strategy since the jury imposed maximum sentences on both convictions, i.e., clearly nothing accrued to Appellant's benefit. This conclusion is reached by disregarding the admittedly less than laudable conduct of the perpetrator by arguing the instant facts and circumstances surrounding commission of the offense are considerably less harsh or extreme than they could have been. Since it was the jury's prerogative, and solely theirs, to determine the proper punishment necessary to attempt to right the wrong committed, we find Appellant's argument inconsequential.

Moreover, we have perused the entire record and conclude that, considering the totality of trial counsel's representation, his performance was reasonably effective. Counsel went to great lengths to continually remind the jury of the facts which furthered Appellant's defenses. These reminders were fostered both by stringent cross-examination of State witnesses and effective direct examination of Appellant's witnesses. The standard of totality of representation includes this skilled assistance provided during the guilt-innocence phase. *Salinas v. State*, 810 S.W.2d 855, 858 (Tex. App.—Corpus Christi 1991, pet. ref'd). While trial counsel's method of argument may have been different than that which appellate counsel would have adopted, the objective of raising a doubt in the jurors' minds could possibly have been achieved by informing them that the verdict appeared freakish to an experienced criminal trial lawyer. Assuming only for the sake of argument that counsel's punishment phase representation alone was, without reflection of hindsight, inadequate, this one instance alone does not command that the totality of representation actually rendered should be deemed not reasonably effective. We overrule Point of Error No. One.

■ In his second point of error, Appellant argues the trial court erred in entering judgment on the verdict of aggravated kidnapping because that prosecution allegedly subjected him to double jeopardy in relation to the aggravated sexual assault conviction which arose from the same criminal episode. *See Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The kidnapping indictment alleged Appellant intentionally and knowingly abducted the complainant by secreting and holding her in a place where she was not likely to be found with the intent to violate and abuse complainant sexually. Since the State proved one of the essential elements of the kidnapping charge, i.e., intent to violate and sexually abuse, within its proof of the sexual assault charge, Appellant argues the second conviction was obtained in violation of the prohibition of double jeopardy.

■ Resolution of the issue centers upon a two-fold analysis. First, we apply the *Blockburger*[2] test. While the actual proof of several elements of the separate offenses may overlap, convictions on the different offenses are not barred by *Blockburger* if the separate statutory elements of each offense require proof of a fact not required by the other offense. Secondly, we must examine the conduct which the State used to prove the subsequently prosecuted offense to determine if (1) the conduct was criminal; (2) the accused has been previously prosecuted for such criminal conduct; *and* (3) the same conduct was used to establish an essential element of the subsequently prosecuted offense. *Ex parte Ramos*, 806 S.W.2d 845, 847 (Tex. Crim.App.1991). If either of these factors is absent, the subsequently prosecuted offense is not barred by double jeopardy.

From a plain reading of the statutes criminalizing aggravated kidnapping and aggravated sexual assaults, it is clear that each provision contains distinct elements that must be proved; thus, *Blockburger* is

**2.** *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

satisfied. *See, e.g.,* Tex.Penal Code Ann. § 20.04 (Vernon 1989) (aggravated kidnapping); Tex.Penal Code Ann. § 22.021 (Vernon 1989) (aggravated sexual assault). Upon making the second inquiry required by *Grady* and *Ramos,* we conclude the conviction for aggravated kidnapping is not barred by double jeopardy for a couple of reasons.

First, the conduct used by the State as a portion of the proof to establish the kidnapping—intent to violate and abuse sexually—is not in and of itself criminal conduct. *Ramos,* 806 S.W.2d at 848. However, abducting the complainant by secreting and holding her in a place where she was not likely to be found with the intent to violate and abuse complainant sexually does constitute conduct criminalized by statute. *See generally, Id.* Accordingly, the first *Ramos* factor is not met. Secondly, the charges raised by separate indictments were contemporaneously tried in a consolidated trial. Therefore, Appellant cannot argue he was *previously* prosecuted for such conduct (even if "intent to violate and abuse sexually" did comprise criminal conduct). Since both indictments were asserted contemporaneously, the protections and purposes underlying the prohibition of double jeopardy to limit or minimize a defendant's exposure to the expense and emotional stress of *successive* criminal proceedings were not violated. *See generally, Garcia v. State,* 806 S.W.2d 835, 836–37 (Tex.Crim.App.1990) (overruled to extent conflicting with *Ramos,* 806 S.W.2d at 848). As a result, the second *Ramos* factor is also absent. Finding the circumstances surrounding Appellant's two convictions fail to meet each of the criteria required by *Ramos,* the aggravated kidnapping conviction is not barred by double jeopardy. Thus, we overrule Point of Error No. Two.

In Points of Error Nos. Three, Four and Five, Appellant raises assorted speedy trial arguments. In Point of Error No. Three, Appellant asserts that the sixteen and one-half month delay between his arrest and the trial prejudiced his defense in violation of his rights to a speedy trial under Article I, § 10 of the Texas Constitu-

tion. Appellant's right to a speedy trial was not asserted at trial, and it will now be difficult to prove that Appellant was denied a speedy trial. *See Grayless v. State,* 567 S.W.2d 216, 221 (Tex.Crim.App.1978). Although Appellant raises the point under state constitutional grounds, he uses federal constitutional authority to support his arguments. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972). As per *Barker,* we are required to consider and weigh: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Id.* The third prong is obviously absent and will not be discussed.

The only key issue at trial was identity of the assailant. As a result, Appellant contends that the approximate sixteen month delay between time of arrest and trial was excessive. While this length of time is within the range which can, depending on a case's peculiar facts, trigger review of the remaining factors, *County v. State,* 812 S.W.2d 303, 309 (Tex.Crim.App. 1989), we will not, as Appellant suggests, presume prejudice, thus shifting the burden to the State to establish why Appellant was not afforded an earlier trial. Such a result is required only when the record sufficiently illustrates some negligent (or greater) fault upon the State, *Phillips v. State,* 650 S.W.2d 396, 399 (Tex.Crim.App. 1983), or where the accused establishes in the record that certain evidence was irrefutably lost and that the State had the opportunity to but wholly failed to explain why the accused was not afforded an earlier trial, *Green v. State,* 760 S.W.2d 50, 52–53 (Tex.App.—El Paso 1988, no pet.). *See Martinez v. State,* 824 S.W.2d 688, at 691 (Tex.App.—El Paso 1992, pet. ref'd).

The instant facts are distinguishable in that here, the record is silent as to any failure of the State. As noted earlier, Appellant did not assert this right at trial; thus, the State was not given the opportunity to explain the delay. Nevertheless, we will address the remaining two factors since each case turns upon its own facts which must be balanced with delicate sensitivity. *Martinez,* 824 S.W.2d at 691;

*Flores v. State,* 625 S.W.2d 44, 46 (Tex. App.—San Antonio 1981, pet. ref'd). As to the reason for the delay, Appellant claims part of the delay was intentionally caused by the State in its request for a continuance. However, we find no order or other indication in the record showing the continuance was granted. Without more to support Appellant's claims, they must be dismissed as being without merit. *See Givens v. State,* 749 S.W.2d 954, 957–58 (Tex. App.—Fort Worth 1988, pet. ref'd).

In his attempt to show prejudice, Appellant contends the delay irreparably harmed his alibi defense in that he was no longer able to produce evidence of a contract document which would have allegedly proved he was elsewhere at the time of the offense. The alleged time of the abduction and sexual assault was between 1 p.m. and 2 p.m. Appellant was a door-to-door vacuum cleaner salesman, and he put on two witnesses who each testified that Appellant had contacted them on the afternoon in question. Each of these contacts were corroborated through the admission of contracts documenting the sale of vacuum cleaners. One witness testified Appellant came to her home at about 2 p.m. A second witness stated Appellant's demonstration of the vacuum most likely occurred in late afternoon. Appellant also produced testimony from a co-salesman who stated that he and Appellant sold another vacuum earlier in the day near noon. However, no other documentation of this sale was located from the distributor's records or files, and this is the alleged critical missing evidence.

We are unable to perceive how a sixteen month delay in and of itself led to Appellant's inability to locate the third contract when two other similarly dated contracts were retrievable from the distributor's records. Since nothing in the record indicates that a supervening event occurred between the time of Appellant's indictment and his trial which specifically prevented him from locating the alleged evidence, a presumption of prejudice does not arise. *See generally, Martinez,* 824 S.W.2d at 690. It is equally possible that the alleged missing contract could have disappeared before Appellant was accused (as opposed to afterward), and the facts are therefore distinguishable from *Green,* 760 S.W.2d at 51–52 in that the Green's critical alibi witness died (a supervening event) during the challenged lapse between indictment and trial.

We have applied the necessary balancing test considering the current state of the limited record regarding the instant issue. We conclude Appellant has failed to either identify any recorded, particular harm or establish facts which would shift the burden to the State to rebut any presumed prejudice. Consequently, we overrule the point of error.

■■■ In his fourth point of error, Appellant argues trial counsel was ineffective for failing to move for a dismissal on grounds of violation of his rights to a speedy trial. It is uncontested that Appellant was entitled to "reasonably effective assistance." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2063, 80 L.Ed.2d 674 (1984). *See also, Stafford,* 813 S.W.2d at 506. He was not, however, entitled to "errorless counsel or counsel whose competency is judged by hindsight." *Stafford,* 813 S.W.2d at 506. Appellant's point will be sustained only if he proves by a preponderance of the evidence that (1) trial counsel's performance was not within the broad range of professionally competent assistance; and (2) a reasonable probability that such deficiencies prejudiced his defense by undermining the confidence of the outcome. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2063, 80 L.Ed.2d 674. *Hernandez v. State,* 726 S.W.2d 53, 59 (Tex.Crim.App. 1986). In order to establish the first prong, Appellant must overcome the presumption that the challenged action could be sound trial strategy. *Stafford,* 813 S.W.2d at 506.

■■■ In attempting to do so, Appellant contends that counsel's performance was deficient in that he failed to move for a dismissal based upon a speedy trial violation. Allegations of ineffective assistance of counsel must be firmly founded by the record. *Hawkins v. State,* 660 S.W.2d 65,

75 (Tex.Crim.App.1983); *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App.1981). The mere failure of counsel to file appropriate pretrial motions shall not be categorically deemed as ineffective assistance, and this rule applies to motions to dismiss for an alleged lack of a speedy trial. *Martinez,* 824 S.W.2d at 690.

Appellant concludes the unobjected-to delay diminished his ability to properly establish an alibi defense due to allegedly missing evidence. While this may be true, it is also possible that trial counsel purposefully and subtly decided to allow the State to prolong the lapse of time hoping that the complainant's memory as to identification of her assailant might dwindle while at the same time strategically taking the risk that some alibi evidence might be lost. Thus, the record does not presently illustrate how that trial counsel's failure to move for a dismissal was not sound strategy. *See Stafford,* 813 S.W.2d at 506. Consequently, the purported failure of trial counsel is not firmly founded in the record before us, and it must be dismissed as being without merit. *Hawkins,* 660 S.W.2d at 75. Since Appellant has not overcome the presumption of trial strategy and established the first prong of the *Strickland* standard, we overrule Point of Error No. Four.

■■■■■ In his last point of error, Appellant argues his trial which began three years and four months after the offense, violated his right to a fair trial and due course of law. Appellant develops the argument within the same argument provided for his third and fourth points of error relating to speedy trial violations. Since we have determined the post-accusation delay of approximately sixteen months did not, based upon the existing record, violate his right to a speedy trial, our discussion on this point will concentrate on Appellant's arguments concerning the two year pre-indictment delay. In order to be successful, Appellant must show actual harm and that the delay violates the fundamental concepts of justice. *Bevers v. State,* 811 S.W.2d 657, 664 (Tex.App.—Fort Worth 1991, pet. ref'd).

Appellant asserts this type of delay is most detrimental because the danger of losing evidence is greatest prior to the time a person has notice of the accusation since he would have no motivation to mitigate the erosive effects of time. Without citation to authority, Appellant argues we should consider the pre-indictment delay to ascertain the amount of prejudice in deducing whether he was denied due course of law. Specifically, Appellant argues he had no knowledge of the charge; thus, he had no opportunity to locate his distributor's records—including the alleged missing contract—until two years after the offense. Appellant points us to no cause of his inability to locate the records other than the "general vagaries of keeping records several years old." Appellant contends the delay alone operated to his detriment to the extent a fair trial within the due course of law could not be had. We disagree.

■■■ It may be true that the "missing" piece of paper would have buttressed Appellant's alibi, and its absence harmed his defense. Even assuming for the sake of argument that Appellant established the first "harm" element of the test, the instant record is insufficient to establish the second factor. The State cannot be held responsible for failing to obtain an indictment sooner unless the record establishes the delay was a deliberate, tactical maneuver. *Spence v. State,* 758 S.W.2d 597, 599 n. 3 (Tex.Crim.App.1988). An accused might also prove the second factor by obtaining a finding by the trial court that the State had no valid reason for the pre-indictment delay. *See State v. Owens,* 778 S.W.2d 135, 138 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The record establishes neither of these options. Alternatively, it has also been suggested that an accused could satisfy the second factor by establishing the State knowingly and recklessly disregarded an appreciable risk that the delay might harm the defense. *Bevers,* 811 S.W.2d at 665. Here, Appellant does not argue the State should have anticipated the loss of the particular exculpatory evidence, if it in fact existed. Consequently, we are not provided a record from which we might accurately assign either type of

fault to the State. As a result, we must overrule Point of Error No. Five.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.

WOODARD, J., not participating.