Affirmed and Memorandum Opinion filed July 27, 2006









Affirmed and Memorandum Opinion filed July 27, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

___________

NO. 14-05-00337-CR

____________

 

JOHN HENDERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the County Court at Law
No. 1

Galveston County, Texas

Trial Court Cause No. 233,782

 

 

 

M E M O R
A N D U M   O P I N I O N

            A jury
convicted appellant John Henderson on one count of misdemeanor theft, and the
trial court sentenced him sentenced to 181 days incarceration in the Galveston
City Jail.  In three issues, appellant argues (1) the evidence is factually
insufficient to support his conviction; (2) the State is barred from
prosecuting him because he allegedly did not receive a probable cause hearing
within twenty-four hours of his arrest, and (3) his trial counsel’s failure to
move for dismissal on the lack of a timely probable cause hearing and on the
alleged denial of a speedy trial constitutes ineffective assistance of
counsel.  We affirm.




 








I.  Factual and Procedural Background

            Appellant and
Saul Aucancela lived in separate apartments across the street from a store
owned and operated by Aucancela.  Among the items Aucancela sold at the store
were telephone calling cards.  Aucancela stored the money he received from the
sale of the calling cards in a small bag next to the cash register. 

            On April 17,
2004, appellant entered the store, browsed through a magazine, asked Aucancela
the price of various items, and purchased a package of cookies.  Immediately
after appellant left, Aucancela noticed the bag containing the money from the
calling cards was missing.  Two customers in the store told Aucancela that
appellant had taken the bag.  Aucancela ran across the street, and followed
appellant to the apartment house.  Aucancela knocked on appellant’s door and,
speaking primarily in Spanish,[1]
demanded his money back.  Appellant, who does not speak Spanish, exited the
apartment house with Aucancela.  Once outside, Aucancela tried to grab
appellant.  Appellant, who was on parole for robbery, fled the scene on foot.

            Appellant hid
beneath a house raised on cinder blocks.  Officers from the Galveston Police
Department (GPD) responded to the scene, and witnesses who saw appellant
running told the officers where appellant was last seen.  GPD Sergeant Gilbert
Gomez testified “there were 20 people in the neighborhood pointing and chasing
this guy.”  After seeing movement underneath the house where appellant was
hiding, Gomez drew his weapon and ordered appellant to come out with his hands
in plain view.  Appellant crawled from under the house and was taken into
custody.  Detective Jason Chide arrived at the scene when appellant was being
handcuffed.  Chide saw what appeared to be money under the house, and
supervised the recovery of approximately $195.00 in cash from the site.

 class=Section3>

            On May 13,
2004, appellant was charged by information with misdemeanor theft.  On February
9, 2005, appellant filed a pauper’s oath and the trial court appointed counsel
to represent him.  The case was tried on February 22, 2005.  After a jury found
appellant guilty of the charged offense, the trial court sentenced him to 181
days incarceration, with credit for 317 days already served.  This appeal
ensued.  

II.  Analysis

A.        Factual Sufficiency of the
Evidence

            In his first
issue appellant contends the evidence is factually insufficient to support his
conviction.  In evaluating a factual sufficiency challenge, we ask only one
question: Considering all the evidence in a neutral light, was the fact finder
rationally justified in finding guilt beyond a reasonable doubt?  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  There are two ways the
evidence may be factually insufficient: (1) the evidence supporting the
verdict, when taken alone, is too weak to sustain a finding of guilt beyond a
reasonable doubt; or (2) after weighing the evidence supporting the verdict and
the evidence contrary to the verdict, the contrary evidence is so strong that
the State could not have met its burden of proof beyond a reasonable doubt.  Id. at 484–85.  In our evaluation of the evidence, we must be deferential to
the jury’s findings and resist intruding on its role as the sole judge of the
witnesses’ credibility and of the weight to be given to witness testimony.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc).  We do not
re-evaluate the credibility of witnesses or the weight of evidence, and we will
not substitute our judgment for that of the factfinder.  Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App.  1998).  Therefore, “unless the available
record clearly reveals a different result is appropriate, [we] must defer to
the jury’s determination concerning what weight to give contradictory
testimonial evidence because resolution often turns on an evaluation of
credibility and demeanor . . . .” Johnson, 23 S.W.3d at 8.

 class=Section4>

            A person
commits the offense of theft if he unlawfully appropriates property with intent
to deprive the owner.  See Tex.
Penal Code Ann. § 31.03(a) (Vernon Supp. 2005). Appropriation of
property is unlawful if “it is without the owner’s effective consent.”  Id. at  § 31.03(b)(1).  At trial, the uncontroverted evidence included Aucancela’s
testimony that the bag was next to the cash register before appellant entered
the store; that the bag contained $270.00; that he saw “like a shadow that
grabbed” when appellant was near the counter where the bag was located; and
that immediately after appellant left the store, the bag was gone.  Aucancela
also testified that appellant behaved in a manner Aucancela found suspicious:
he browsed through a magazine that was printed in Spanish,[2]
drew Aucancela away from the counter by asking the prices of items he did not
purchase, appeared so nervous while paying for his purchase that his hands were
shaking, and hurried away as he left the store.  Aucancela further stated that
he followed appellant home and demanded his money back, and when Aucancela
tried to grab appellant, appellant ran from the scene.  Finally, the State
introduced evidence that approximately $195.00 in cash was recovered from the
area under the house where appellant hid after he ran from Aucancela. 

            In conducting
a factual sufficiency review, we must discuss the evidence appellant claims is
most important in undermining the jury’s verdict.  Sims v. State, 99
S.W.3d 600, 601 (Tex. Crim. App. 2003).  Appellant first argues the State’s
case is circumstantial, and there is no direct evidence he took the money. 
However, our standard of review remains the same whether the evidence we
consider is direct or circumstantial.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986) (en banc).  The jury is entitled to draw reasonable
inferences from circumstantial evidence.  Villani v. State, 116 S.W.3d
297, 303 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).   

 class=Section5>

            Appellant
next directs us to his testimony that he: (1) did not commit the theft; (2)
believed the magazine he examined was in English; (3) was on medication that
caused his hands to shake; and (4) did not run from the store but simply walked
fast.  Appellant also relies on his trial testimony that when he spoke with
Aucancela outside the apartment house, he told Aucancela he would call the
police and report Aucancela for harassment, and ran to avoid a physical
confrontation.  However, the jury was entitled to infer that appellant’s flight
demonstrated his consciousness of guilt for the theft.  See Bigby v. State,
892 S.W.2d 864, 884 (Tex. Crim. App. 1994) (“Evidence of flight . . . shows a
consciousness of guilt of the crime for which the defendant is on trial.”). 
As, the jury is the exclusive judge of witness credibility, the jury was free
to believe Aucancela’s testimony, disbelieve appellant, and infer that
appellant took the bag containing the money.  See Johnson v. State, 23
S.W.3d at 8.

            Additionally,
appellant argues that Aucancela never described how long it was since he had
seen the bag or how much time elapsed before he discovered the bag was
missing.  This is contradicted by the record:

            Q:        So, Mr. Aucancela, did you know
how much money was in that bag?

            A:        $270.

            Q:        Okay.  Had you counted it at
some time recently before all the events happened that day?

            A:        I daily—I count it, and I know
daily how much is in the bag.

            Q:        Okay.  And before you
observed Mr. Henderson come in the store and stand by the magazines, are you
certain the bag was still there?

            A:        Yes.  100
percent.

(emphasis added). 
Aucancela also offered the following testimony regarding events immediately
after appellant left the store:

            Q:        Okay.  Did you at that time
think possibly something had been stolen?

            A:        Yes.

            Q:        Did you look around to see if
anything was missing at that point?

 class=Section6>

            A:        Right away.  I didn’t see the
bag.

            Q:        Okay.  You saw that it was
missing?

            A:        Yes.

            Q:        Okay.  And what did you do at
that point after you saw the bag was missing?

            A:        I got out running.  I asked the
people and they saw that the man grabbed a bag and he put it right here
(indicating).

            Q:        Okay.  Now when you saw him run
out, did you ever lose sight of him as he’s running out?

            A:        No.

(emphasis added). 
Aucancela identified the man as appellant.  Appellant contends the evidence
merely shows he was last person in the area when the bag was discovered to be
missing.  Although mere presence at the scene of an offense is not sufficient
to support a conviction, it is a circumstance the jury may consider with the
other evidence in determining guilt.  See Sosa v. State, 177
S.W.3d 227, 230 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

            Lastly,
appellant  points to Detective Chide’s testimony, which appellant contends is
inconsistent with Detective Gomez’s testimony and with the jury’s verdict. 
Gomez testified that money fell from appellant’s pockets or midriff as he
crawled from under the house, but Chide did not testify that appellant dropped
money.  Chide’s testimony does not contradict Gomez’s testimony as appellant
contends because the two detectives testified to observations they made at
different times.  Chide testified that he arrived at the scene when appellant
was being handcuffed, after appellant had already crawled from under the
house.  Chide further testified that he saw money under the house, and
supervised the recovery of the money.  The jury could have inferred that the
money found under the house was some of the money appellant was accused of
stealing.  Discovery of stolen items along a suspect’s “path of flight” is an
incriminating circumstance.  Morgan v. State, 503 S.W.2d 770, 772 (Tex.
Crim. App. 1974).       

 class=Section7>

            Under the
applicable legal standard, we conclude the evidence is factually sufficient to
support appellant’s conviction for theft.  Accordingly, we overrule appellant’s
first issue.

B.        The Probable
Cause Hearing

            Appellant
argues in his second issue that his conviction must be reversed because he
could not lawfully be prosecuted for the charged offense.  He contends that a
“probable cause” hearing was not held within twenty-four hours of his arrest as
required by Tex. Code Crim. Proc. Ann.
art. 17.033(a) (Vernon 2005), and that in the absence of such a hearing, any
further prosecution is prohibited.           

            Article
17.033(a) states, in pertinent part:

[A] person who is arrested without a warrant and who
is detained in jail must be released on bond, in an amount not to exceed
$5,000, not later than the 24th hour after the person’s arrest if the person
was arrested for a misdemeanor and a magistrate has not determined whether
probable cause exists to believe that the person committed the offense.  If the
person is unable to obtain a surety for the bond or unable to deposit money in the
amount of the bond, the person must be released on personal bond.

Appellant acknowledges
that article 17.033 does not expressly bar prosecution in the absence of a
probable cause determination, but he argues that such a prohibition is
“implicit in the language of the statute.”  Because appellant has cited no
authority or argument in support of his interpretation, which is contrary to
settled law, this portion of appellant’s second issue is waived.  See Tex. R. App. P. 38.1(h).  Moreover,
unlawful confinement is not, per se, cause to reverse a conviction.  See
Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (“[A] conviction will not be
vacated on the ground that the defendant was detained pending trial without a
determination of probable cause.”); Ex parte Fivel, 704 S.W.2d 125, 126
(Tex. App.—Houston [1st Dist.] 1986, writ ref’d) (“An illegal detention does
not, in itself, void a subsequent conviction.”).  This is consistent with the
law governing illegal arrest, detention, search, and seizure.  See, e.g.,
Brennan v. State, 140 S.W.3d 779, 780–81 (Tex. 

 class=Section8>

App.—Houston [14th Dist.]
2004, pet. ref’d) (“An unlawful seizure (detention or arrest) is not, per
se, cause to reverse a conviction.”). 

C.        Ineffective Assistance of
Counsel

            Both the United States and Texas Constitutions guarantee an accused the right to assistance of
counsel.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon Supp. 2004).  This right necessarily includes the right to reasonably effective
assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove ineffective assistance of
counsel, appellant must show that (1) trial counsel’s representation fell below
an objective standard of reasonableness, based on prevailing professional
norms;  and (2) there is a reasonable probability that the result of the
proceeding would have been different but for trial counsel’s deficient performance. 
Strickland, 466 U.S. at 688–92, 104 S.Ct. 2052, 2064–67.  Moreover,
appellant bears the burden of proving his claim of ineffective assistance of
counsel by a preponderance of the evidence.  Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

            In assessing
appellant’s claims, we apply a strong presumption that trial counsel was
competent.  See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).   We presume counsel’s actions and decisions were reasonably
professional and were motivated by sound trial strategy.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).  Appellant has
the burden to rebut this presumption by presenting evidence illustrating why
trial counsel did what he did.  See id.  An appellant cannot meet this
burden when counsel’s actions may have been based on tactical decisions and the
record does not specifically focus on the reasons for trial counsel’s conduct. 
See Bone v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002).  When
there is no proper evidentiary record developed at a hearing on a motion for
new trial, it is extremely difficult to show that trial counsel’s 

 class=Section9>

performance was
deficient.   See id. at 833.  If there is no hearing or if counsel does
not appear at the hearing, an affidavit from trial counsel becomes almost vital
to the success of an ineffective-assistance claim.  Stults v. State, 23
S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).

            Here,
appellant contends he received ineffective assistance of counsel because his
trial attorney did not move for dismissal based on the State’s alleged failure
to (a) hold a timely probable cause hearing, and (b) grant appellant a speedy
trial.  By failing to present argument and authority supporting the first of
these subissues, appellant has waived that contention. Appellant’s second
contention is not “firmly founded in the record,” which contains the following
“Rejection of a Plea Agreement” signed by appellant:

I have been
incarcerated in the Galveston County jail since April 17, 2004.  This case was
filed on 05-13-04[.]  I have not had the opportunity to speak with an attorney
in regard to this case until February 9, 2005 when Lynette Briggs was appointed
to represent me and this matter was set for trial.  A hearing was held on
February 16, 2005 in regard to the failure of the State to magistrate my
misdemeanor case.  My attorney moved the State [to] dismiss this case this
case and this was denied.  At said hearing, the judge set my trial for
number one for 02-22-05.  I was magistrate[d] on 02-16-05 in the misdemeanor
case.

(emphasis added).  The
record does not state the grounds on which appellant’s trial attorney moved to
dismiss the case; thus, we cannot determine if appellant’s trial counsel moved
to dismiss based on the State’s failure to hold a timely probable cause
hearing, the failure to grant a speedy trial, or both grounds.  However, the
State notes in its brief that “the record is silent as to why trial counsel did
not file a speedy trial motion.”  Therefore, we will presume that this
assertion is correct.

            A delay of
ten months between appellant’s arrest and trial is arguably sufficient to
justify filing a motion to dismiss.  See Shaw v. State, 117
S.W.3d 883, 888–89 (Tex. Crim. App. 2003) (under federal and state constitutions,
delay approaching one year is sufficient to trigger a speedy trial inquiry, and
if violation of the right is established, the proper remedy 

 class=Section10>

is dismissal with
prejudice).  Although appellant’s trial attorney could have moved for
dismissal, we do not presume counsel’s failure to do so was unreasonable.  To
the contrary, appellant must overcome the presumption that, under the
circumstances, his attorney’s decision to forego a motion for dismissal “might
be considered sound trial strategy.”  See Strickland, 466 U.S. at 689; Jaile v. State, 836 S.W.2d 680, 686–87 (Tex. App.—El Paso 1992, no
pet.) (affirming conviction where the record showed a sixteen-month delay
between the appellant’s arrest and trial, but did not illustrate that trial
counsel’s failure to move for dismissal was not sound strategy).  

            Acting
through his appellate counsel, appellant filed a motion for new trial, but did
not contend his trial attorney’s actions were deficient.  Thus, the record
contains no evidence of the reasoning and strategy underlying trial counsel’s
actions.  In the face of a silent record, this court will not speculate about
why trial counsel did not file a motion to dismiss.  In the absence of any
evidence to the contrary, we cannot conclude the performance of appellant’s
trial counsel was deficient.   See Jaile v. State, 836 S.W.2d 680,
686–87.  Moreover, the record lacks evidence demonstrating a reasonable
probability that such a motion would have been granted.[3] 
Accordingly, we overrule appellant’s second and third issues.




 

IV.  Conclusion

            For the
foregoing reasons, we affirm the judgment of the trial court.

 

 

                                                                                    

                                                                        /s/        Eva
M. Guzman

                                                                                    Justice

 

 

Judgment rendered and Memorandum
Opinion filed July 27, 2006.

Panel consists of Chief Justice Hedges
and Justices Yates and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] 
Aucancela speaks limited English, and testified primarily through an
interpreter.





[2] 
Aucancela testified that he found this suspicious because appellant is
Caucasian.  Appellant testified he does not speak Spanish.





[3] 
To determine whether  a defendant’s right to a speedy trial has been violated,
the trial court weighs factors including, but not limited to, the length of the
delay, the reason for the delay, the defendant’s assertion of the right to a
speedy trial, and any prejudice resulting from the delay.  See Barker v.
Wingo, 407 U.S. 514, 530 (1972).  The record shows only that ten months
elapsed between appellant’s arrest and his trial, and contains no evidence
pertaining to the reason for delay, defendant’s assertion of the right to a
speedy trial, or prejudice.  In the absence of this evidence, appellant has not
shown a reasonable probability that the motion would have been granted.