NO. 07-06-0308-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 27, 2007

_____


JONATHAN L. WHITFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 11 OF BEXAR COUNTY;

NO. 860070; HONORABLE JO ANN DEHOYOS, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Jonathan L. Whitfield, was convicted by a

jury for driving while intoxicated. Punishment was assessed at six months confinement,

suspended in favor of community supervision, and a $500 fine, which was not suspended.

Presenting two points of error, Appellant maintains (1) the trial court erred in failing to

conduct a separate punishment hearing after the jury found him guilty, and (2) trial counsel was ineffective in failing to file a motion to dismiss for lack of a speedy trial.  We affirm.

As Appellant does not challenge the sufficiency of the evidence, only those facts necessary to dispose of his points of error will be discussed.  On August 16, 2003, Appellant was initially stopped for a traffic violation.  After he was unable to produce his driver's license and proof of insurance, Officer Pagola asked him to exit his vehicle.  Appellant admitted he had consumed two beers, and Officer Pagola performed field sobriety tests, after which he concluded that Appellant was intoxicated.  Appellant was arrested and subsequently charged with driving while intoxicated.  Appellant's case was eventually tried to a jury on April 12, 2006.  The jury returned a verdict of "guilty" and the Court assessed punishment.

Appellant's first point of contention is that the trial court erred in failing to conduct a separate punishment hearing prior to sentencing.  He argues that after the jury returned a guilty verdict and was discharged, the trial court did not afford him the opportunity to present punishment evidence.  We disagree.  Following the jury's discharge, the trial court found Appellant eligible for community supervision, and the State made its recommendation to the court.  The court asked:

> Court: Is there any legal reason why I cannot pronounce sentence, Mr. McGinnis?  Okay.  All right.  Both sides rest and close on punishment?
> [Defense counsel]: Yes, Your Honor.
> [Prosecutor]: Yes, Your Honor.

2

The trial court then followed the State's recommendation and pronounced sentence. After the details of Appellant's community supervision were taken care of, the proceedings closed. No objection was made to the imposition of sentence.

We disagree with Appellant that he was not afforded an opportunity to present punishment evidence. The record demonstrates that the trial court asked both sides if they were ready to rest and close the punishment phase, to which both sides answered affirmatively. Nevertheless, we will address the right to a separate punishment hearing.

The Court of Criminal Appeals has held that the right to a separate punishment hearing is a statutory right that can be waived. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001). Appellant did not lodge an objection complaining that he was denied a separate punishment hearing. Nor does his motion for new trial contain a ground on that basis.[1] By his motion for new trial, Appellant only alleged that the verdict was contrary to the law and evidence. Use of a motion for new trial to preserve error is limited to those rare cases where a defendant is not afforded an opportunity to object to the lack of a hearing. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992) (denying the defendant an opportunity to object by revoking probation and imposing sentence in one declaration). Here, Appellant was given an opportunity to present evidence, but did not.

---

[1]To preserve error on the lack of a punishment hearing, a defendant must timely request such a hearing, object to the lack of one, or timely file a motion for new trial based on that omission and specify the evidence he would have presented at the punishment hearing. *Lopez v. State*, 96 S.W.3d 406, 413-14 (Tex.App.–Austin 2002, pet. ref'd).

*See Pearson v. State*, 994 S.W.2d 176, 179 (Tex.Crim.App. 1999). Point of error one is overruled.

By his second and final point, Appellant complains that his trial counsel was ineffective in not filing a motion to dismiss for violation of his right to a speedy trial. We disagree. A claim of ineffectiveness is reviewed under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.CrimApp. 2003); *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). In other words, a defendant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 814, citing *Strickland*, 466 U.S. at 700.

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id.* Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not

4

guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984); *see also Ex Parte Kunkle*, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). *See also Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). *See also Thompson*, 9 S.W.3d at 813-14. However, where the alleged derelictions are errors of omission outside of the record rather than errors of commission revealed in the trial record, collateral attack may be the vehicle by which to develop a detailed record of the alleged ineffectiveness. *See Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003). *See generally Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when a claim of ineffectiveness is raised on direct appeal, a trial record is usually not developed for establishing such a claim).

At the time Appellant filed his *Motion for Speedy Trial,* he indicated that one witness had moved to Nebraska and he had no way to communicate with her, and a second witness had changed her number and he had no way to contact her. He alleges on direct appeal that those witnesses would have provided favorable testimony; however, he did

5

not specify in his motion for speedy trial that the witnesses would have offered relevant and material testimony for his defense and that due diligence was exercised in locating the witnesses. This would have satisfied the prejudice prong of the *Barker* balancing test applied in assessing violations of the Sixth Amendment right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (holding that an accused's allegation that he was denied the right to a speedy trial requires the balancing of four factors, to-wit: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused to determine whether his right to a speedy trial was violated). *See also Phipps v. State*, 630 S.W.2d 942, 947 (Tex.Crim.App. [Panel Op.] 1982).

Moreover, the mere failure of counsel to file appropriate pretrial motions is not categorically deemed ineffective assistance. *Passmore v.* State, 617 S.W.2d 682, 685 (Tex.Crim.App. 1981). This rule applies to a motion to dismiss based on an allegation of a lack of a speedy trial. *See Martinez v. State*, 824 S.W.2d 688, 690 (Tex.App.–El Paso 1992, pet. ref'd).

As previously noted, in his motion for new trial, Appellant only alleged that the verdict was contrary to the law and evidence. He did not include a ground on ineffective assistance of counsel nor provide an affidavit from his trial counsel explaining his motivation for not filing a motion to dismiss. Without a record explaining counsel's actions, Appellant has not overcome the presumption that counsel's tactics were sound

6

trial strategy. *See Jaile v. State*, 836 S.W.2d 680, 687 (Tex.App.–El Paso 1992, no pet.) (explaining that counsel's failure to move for dismissal for a speedy trial violation may have been strategic hoping that the complainant's memory would falter). Point of error two is overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.