NO. 07-06-0308-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 27, 2007



______________________________




JONATHAN L. WHITFIELD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 11 OF BEXAR COUNTY;



NO. 860070; HONORABLE JO ANN DEHOYOS, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION


 Following a plea of not guilty, Appellant, Jonathan L. Whitfield, was convicted by a
jury for driving while intoxicated. Punishment was assessed at six months confinement,
suspended in favor of community supervision, and a $500 fine, which was not suspended. 
Presenting two points of error, Appellant maintains (1) the trial court erred in failing to
conduct a separate punishment hearing after the jury found him guilty, and (2) trial counsel
was ineffective in failing to file a motion to dismiss for lack of a speedy trial. We affirm.

 As Appellant does not challenge the sufficiency of the evidence, only those facts
necessary to dispose of his points of error will be discussed. On August 16, 2003,
Appellant was initially stopped for a traffic violation. After he was unable to produce his
driver's license and proof of insurance, Officer Pagola asked him to exit his vehicle. 
Appellant admitted he had consumed two beers, and Officer Pagola performed field
sobriety tests, after which he concluded that Appellant was intoxicated. Appellant was
arrested and subsequently charged with driving while intoxicated. Appellant's case was
eventually tried to a jury on April 12, 2006. The jury returned a verdict of "guilty" and the
Court assessed punishment. 

 Appellant's first point of contention is that the trial court erred in failing to conduct
a separate punishment hearing prior to sentencing. He argues that after the jury returned
a guilty verdict and was discharged, the trial court did not afford him the opportunity to
present punishment evidence. We disagree. Following the jury's discharge, the trial court
found Appellant eligible for community supervision, and the State made its
recommendation to the court. The court asked:

 Court: Is there any legal reason why I cannot pronounce sentence, Mr.
McGinnis? Okay. All right. Both sides rest and close on punishment?

 [Defense counsel]: Yes, Your Honor.

 [Prosecutor]: Yes, Your Honor.


The trial court then followed the State's recommendation and pronounced sentence. After 
the details of Appellant's community supervision were taken care of, the proceedings
closed. No objection was made to the imposition of sentence.

 We disagree with Appellant that he was not afforded an opportunity to present
punishment evidence. The record demonstrates that the trial court asked both sides if they
were ready to rest and close the punishment phase, to which both sides answered
affirmatively. Nevertheless, we will address the right to a separate punishment hearing. 

 The Court of Criminal Appeals has held that the right to a separate punishment
hearing is a statutory right that can be waived. Vidaurri v. State, 49 S.W.3d 880, 886
(Tex.Crim.App. 2001). Appellant did not lodge an objection complaining that he was
denied a separate punishment hearing. Nor does his motion for new trial contain a ground
on that basis. (1) By his motion for new trial, Appellant only alleged that the verdict was 
contrary to the law and evidence. Use of a motion for new trial to preserve error is limited
to those rare cases where a defendant is not afforded an opportunity to object to the lack
of a hearing. See Issa v. State, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992) (denying the
defendant an opportunity to object by revoking probation and imposing sentence in one
declaration). Here, Appellant was given an opportunity to present evidence, but did not. 
See Pearson v. State, 994 S.W.2d 176, 179 (Tex.Crim.App. 1999). Point of error one is
overruled.

 By his second and final point, Appellant complains that his trial counsel was
ineffective in not filing a motion to dismiss for violation of his right to a speedy trial. We
disagree. A claim of ineffectiveness is reviewed under the standard set out in Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland,
a defendant must establish that (1) counsel's performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but
for counsel's deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.CrimApp. 2003); see also
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). In other words, a defendant
must demonstrate by a preponderance of the evidence that the deficient performance
prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002);
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Thompson, 9 S.W.3d at 814, citing Strickland, 466 U.S. at 700.

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984); see
also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993). Appellate review of
trial counsel's representation is highly deferential and presumes that counsel's conduct
fell within the wide range of reasonable and professional representation. See Andrews v.
State, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). See also Bone v. State, 77 S.W.3d
828, 833 (Tex.Crim.App. 2002). To defeat the presumption of reasonable professional
assistance, any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Mallett v. State, 65
S.W.3d 59, 63 (Tex.Crim.App. 2001). See also Thompson, 9 S.W.3d at 813-14. 
However, where the alleged derelictions are errors of omission outside of the record rather
than errors of commission revealed in the trial record, collateral attack may be the vehicle
by which to develop a detailed record of the alleged ineffectiveness. See Freeman v.
State, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003). See generally Massaro v. United
States, 538 U.S. 500, 123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when
a claim of ineffectiveness is raised on direct appeal, a trial record is usually not developed
for establishing such a claim).

 At the time Appellant filed his Motion for Speedy Trial, he indicated that one witness
had moved to Nebraska and he had no way to communicate with her, and a second
witness had changed her number and he had no way to contact her. He alleges on direct
appeal that those witnesses would have provided favorable testimony; however, he did
not specify in his motion for speedy trial that the witnesses would have offered relevant
and material testimony for his defense and that due diligence was exercised in locating
the witnesses. This would have satisfied the prejudice prong of the Barker balancing test
applied in assessing violations of the Sixth Amendment right to a speedy trial. See Barker
v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (holding that an
accused's allegation that he was denied the right to a speedy trial requires the balancing
of four factors, to-wit: (1) length of the delay; (2) reason for the delay; (3) assertion of the
right; and (4) prejudice to the accused to determine whether his right to a speedy trial was
violated). See also Phipps v. State, 630 S.W.2d 942, 947 (Tex.Crim.App. [Panel Op.]
1982). 

 Moreover, the mere failure of counsel to file appropriate pretrial motions is not
categorically deemed ineffective assistance. Passmore v. State, 617 S.W.2d 682, 685
(Tex.Crim.App. 1981). This rule applies to a motion to dismiss based on an allegation of
a lack of a speedy trial. See Martinez v. State, 824 S.W.2d 688, 690 (Tex.App.-El Paso
1992, pet. ref'd).

 As previously noted, in his motion for new trial, Appellant only alleged that the
verdict was contrary to the law and evidence. He did not include a ground on ineffective
assistance of counsel nor provide an affidavit from his trial counsel explaining his
motivation for not filing a motion to dismiss. Without a record explaining counsel's
actions, Appellant has not overcome the presumption that counsel's tactics were sound
trial strategy. See Jaile v. State, 836 S.W.2d 680, 687 (Tex.App.-El Paso 1992, no pet.)
(explaining that counsel's failure to move for dismissal for a speedy trial violation may
have been strategic hoping that the complainant's memory would falter). Point of error
two is overruled.

 Accordingly, the trial court's judgment is affirmed.

 Patrick A. Pirtle

 Justice


 

Do not publish.
1. To preserve error on the lack of a punishment hearing, a defendant must timely
request such a hearing, object to the lack of one, or timely file a motion for new trial based
on that omission and specify the evidence he would have presented at the punishment
hearing. Lopez v. State, 96 S.W.3d 406, 413-14 (Tex.App.-Austin 2002, pet. ref'd).